## HYMAN KARNITSKY, APPELLANT, v. MORRIS MASHANIC ET AL., RESPONDENTS.

Submitted December 8, 1919—Decided March 1, 1920.

1. The fact that a passenger occupies a place of danger with the consent of the carrier, has no relevancy to the question of whether he is negligent or not in so doing, unless he is compelled either to take that place or not become a passenger at all.   The consent or invitation may impose a greater obligation on the carrier to look after the safety of the passenger, but it does not change the character of the passenger's act from a negligent to a non-negligent one.

2. If the court charges the substance of a request to the jury it is sufficient; it is not necessary that, in complying with the request, the exact words of the request be used.

3. Where the statement of the case sent up to the appellate court does not contain the testimony taken at the trial, it will be assumed that the evidence commented upon by the court in the charge to the jury was all that was material upon the particular subject under discussion.

---

On appeal from the Essex County Circuit Court.

For the appellant, *Benjamin M. Weinberg.*

For the respondents, *John M. McGeehan, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This suit was brought by the plaintiff to recover for personal injuries received by him while riding as a passenger upon the step of a jitney bus belonging

to the defendants. The accident occurred on October 14th, 1918, at the corner of Broad and Green streets, in the city of Newark. The trial resulted in a verdict in favor of the defendants.

All of the grounds of reversal are directed either at the charge of the court or at refusals to charge requests submitted by the plaintiff. No part of the testimony is sent up with the appeal, counsel for the appellant contenting himself with a case which exhibits only the pleadings, the charge and the exceptions thereto, the requests to charge, the rulings thereon and the exceptions to such rulings.

The first ground of reversal argued was that the court improperly refused to charge the following request: "It was not negligence *per se* for the plaintiff to ride upon the step of the bus, if you believe he did so, if he was there with the express or implied consent of the defendants." The court did not refuse to charge this request *in toto,* but instructed the jury that "it was not negligence *per se,* negligence in itself, to ride on the step of the jitney bus if it was crowded." The argument is, that this instruction was too narrow, because it carried with it an implication that if the bus was not crowded then it was negligence *per se* for the plaintiff to ride upon the step, even if he did so with the express or implied consent of the defendants. We consider the contention unsound, and are of opinion that the instruction contained all of the request which the plaintiff was entitled to have charged. The fact that a passenger occupies a place of danger with the consent of the carrier has no relevancy on the question of whether he is negligent or not in so doing, unless he is compelled either to take that place or else not become a passenger at all. The consent or invitation may impose a greater obligation on the carrier to look after the safety of the passenger, but it does not change the character of the passenger's act from a negligent to a non-negligent one. For instance, if a passenger on a railroad train, knowing that to ride with his head out of the car window is extremely dangerous, nevertheless, does so upon obtaining the consent of the conductor (assuming that the latter is entitled to speak for the company), that consent does

not change the character of the act, and transform it from a reckless into a reasonably prudent and careful one. The appellant cannot take anything from this exception.

It is next contended that the trial court erred in refusing to charge the following request: "The defendants having undertaken to carry for hire all persons who apply for passage are common carriers of passengers and as such they owe to their passengers a high degree of care for their safety." The request submitted was a proper one, and the appellant was entitled to have it charged. But our examination of the instructions to the jury satisfies us that it was charged in effect. The court told the jury that it was for them to say whether the driver of the jitney bus "operated his automobile as a reasonably careful and prudent person would operate it; whether or not, in view of the high degree of care which is owing by a carrier of passengers to the passengers, he did what an ordinarily prudent and careful man would have done." Of course, the court was not required to use any particular form of words in complying with the request to charge so long as the substance of that request was embodied in the instructions to the jury; and this, as we have said, we think is the situation exhibited in the present case. The second ground of reversal, therefore, must also fall.

Only one other ground for reversing the judgment is pressed before us, and that is, that the trial judge, after reciting to the jury certain portions of the testimony as he had taken it down in his notes, charged them as follows: "From all of this testimony it is for you to say whether this defendant [the driver of the jitney] was negligent." The basis of this ground of reversal, as exhibited to us by counsel for the appellant, is, that the court referred only to certain portions of the testimony which was submitted in the case and not all of the testimony, and then instructed the jury that it should determine from that part of the testimony to which their attention had been directed whether or not the fall of the plaintiff was caused by the negligent operation of the bus. The answer to this contention of the appellant is, that it has not been made apparent to us that there was any other evidence than that

which was referred to by the trial judge, which threw any light upon the question of the negligence of the defendant, so far as the driving of the bus was concerned. The appellant has not seen fit to submit the proofs to us, and, in the absence of anything to the contrary, we must assume that the evidence referred to by the trial court was all that had any materiality in determining that question.

Finding no legal merit in any of the grounds of reversal which have been argued before us, the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.