MARGARET GAVIN v. MORRIS H. COHN AND JOSEPH SLOTNICK.

Decided February 24, 1927.

Negligence—Injury to Plaintiff While Riding on Running-board of Motor Vehicle and Being Struck by Defendant (Cohn's) Car While Being Driven by Defendant Slotnick—Held, Negligence of Plaintiff's Position on Running-board One For Jury—Held, Also, That Defendant Cohn Had No Part in Use of Car—Rule Made Absolute as to Cohn, and Dismissed as to Slotnick.

On defendants' rules to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rules, *Addison P. Rosenkrans*.

*Contra, Edwin F. Smith.*

PER CURIAM.

The present action was brought to recover compensation for personal injuries received by the plaintiff, Margaret Gavin, while riding upon the running-board of an automobile belonging to a friend, and which was being driven by him through one of the streets of Belmar. Her injuries resulted from a collision between the car in which she was riding and one owned by the defendant Cohn and driven by the defendant Slotnick. The trial resulted in a verdict in favor of the plaintiff against both of the defendants, the award being $28,000.

The only reason relied upon by Slotnick for setting aside the verdict against him is that the trial court erred in refusing to nonsuit the plaintiff. The motion for a nonsuit was rested upon the ground that she was guilty of contributory negligence, first, in not using care to observe the approach

of the car driven by Slotnick, and which was crossing at a right angle at a street intersection and coming from the plaintiff's left; and second, because she was riding on the hunning-board instead of in the body of the car. Whether the plaintiff was guilty of negligence in failing to observe the approach of the defendants' car from her left (if she did so fail), and whether the fact that she was riding on the running-board was negligence on her part contributing to the accident, were matters of fact, for the jury to decide, and not for the court.

The motion to nonsuit was properly refused.

The principal ground relied upon by the defendant Cohn for making absolute the rule allowed to him is that the finding of the jury upon the question of his liability for the accident was against the clear weight of the evidence. He admitted the ownership of the car, but set up as a defense that at the time of the accident it was being driven by the defendant Slotnick, who was his brother-in-law and to whom he had loaned it in order that the latter might use it in bringing his wife and child from Paterson to Belmar, and that he (Cohn) was not in the car, but was passing the day in the city of Paterson; that he had nothing to do with its operation, and that it was not being operated for his benefit. The testimony submitted by the defendant Cohn in support of this defense is almost conclusive in his favor. The evidence offered by the plaintiff, and intended to be contradictory of his story, is not so in fact. We conclude therefore that the verdict, so far as it imposes liability on Cohn, is without support in the evidence.

The rule to show cause obtained by the defendant Slotnick will be discharged, and that allowed to the defendant Cohn will be made absolute.