(126 So. 127)

SMITH v. CRENSHAW. (3 Div. 913.)

Supreme Court of Alabama. Jan. 25, 1930.

C. P. McIntyre and John A. Yung, both of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

SAYRE, J. Appellant was injured in the collision of two automobiles, one driven by himself, the other by appellee. On the trial

of appellant's action for damages, a jury returned a verdict for appellee. Hence this appeal.

On appellee's request the court gave the following charge in writing:

"I charge you that if you believe from the evidence that Mr. Smith was guilty of contributory negligence which proximately contributed, even in the slightest degree, to the damages and injuries sustained by him you cannot return a verdict for the plaintiff."

The charge was given without error. It is not subject to the criticism visited upon charges 10 and 15 in McCaa v. Thomas, 207 Ala. 211, 92 So. 414, for the form of expression here is "proximately contributed"; whereas, the charges in McCaa v. Thomas denied the plaintiff's right of recovery if his negligence "in the slightest degree contributed to his injuries." Noting the fact that in the case here contributory negligence was pleaded in short and without specification of any of the factual elements of such defense, the action of the trial court in giving the charge in question is sustained by the rulings in Montgomery Light & Traction Co. v. Harris, 197 Ala. 236, 72 So. 545, and B. R. L. & P. Co. v. Bynum, 139 Ala. 389, 36 So. 736.

Appellant places store by the opinion and decision in Conway v. Robinson, 216 Ala. 495, 113 So. 531, 534. The point of the opinion in that case is to be found in the fact that the charge there considered undertook to define both actionable negligence on the part of defendant and contributory negligence on the part of plaintiff, and produced, to quote the opinion, "a most unfortunate impression as giving the jury to understand that the defendant was responsible for the slightest negligence, while plaintiff, on the other hand, was responsible only for negligence of a different sort, of a sort not to be described as slightest or even slight—thus, to the common understanding, setting up different standards of care and prudence for the respective parties, telling the jury in effect that, while plaintiff was under duty to be careful, defendant was under duty to be careful to the last degree." This aspect of the charge in that case, the court held, required its refusal. But the charge here in question cannot be criticized on any such ground. We are now declaring the proper rule to be, on appeal in cases of this sort, that error will not be imputed to the trial court for either giving or refusing charges of this particular character and that the Bynum and other like cases are to this extent modified.

Appellant insists that, on his motion, the trial court should have set aside the verdict as being contrary to the great weight of the evidence. There is nothing to be accomplished by a detailed discussion of the facts. The evidence has been considered with due care. It is confused and contradictory, hard to understand in some particulars, but we cannot say the verdict was contrary to its great weight. We are rather impressed with the idea that the case was one calling with peculiar emphasis for the judgment and verdict of a jury. Perhaps they understood it better than we.

Affirmed.

All the Justices concur.