(128 So. 433)

**BRASFIELD v. HOOD.**

6 Div. 521.

Supreme Court of Alabama.

May 22, 1930.

Altman & Koenig, of Birmingham, for appellee.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellant.

ANDERSON, C. J.

The trial court cannot be placed in error for not permitting the defendant to testify that he had the car under control a quarter of a mile and up to the time of the colli-

sion. In the first place, the proof did not qualify him as an expert in the operation of automobiles, which differentiates this case from Louisville & N. R. R. v. Jacobson, 218 Ala. 384, 118 So. 565. Second, the defendant got the substantial benefit of this question by an affirmative answer to the preceding question, which was not excluded.

The trial court cannot be reversed for the refusal of defendant's requested charge 13. If not otherwise faulty, the use of the words "contributed in the least degree" justified its refusal. Smith v. Crenshaw, 220 Ala. 510, 126 So. 127.

The trial court did not commit reversible error in refusing the defendant's requested charge embodied in the fifth assignment of error. Whether good or bad, the defendant got the benefit of the proposition stated in his given charge 30.

There was no error in refusing defendant's requested charge 17. It contains the same defect as pointed out in the discussion of charge 13. Moreover, it instructs, as matter of law, that the plaintiff was guilty of negligence in riding on the running board, and this was a question for the jury under the evidence, taking into consideration the necessity for doing so in order to expedite or discharge his work in delivering papers, the rate of speed the car was going, etc. If the car was going at a slow or moderate rate of speed, as the evidence tended to show, and the plaintiff was delivering papers therefrom to the different houses as they passed, we cannot say that he was guilty, as matter of law, in riding on the running board for this purpose. Vulcan Corp. v. Lawrence, 214 Ala. 378, 108 So. 3; Grabau v. Pudwill, 45 N. D. 423, 178 N. W. 124; Rook v. Schultz, 100 Or. 482, 198 P. 234; Donoghue v. Holyoke, 246 Mass. 485, 141 N. E. 278.

The case of Crider v. Yolande Co., 206 Ala. 71, 89 So. 285, and other cases cited by appellant's counsel, involved very different facts.

Charge 36 was, in effect, affirmative instruction that plaintiff was guilty of contributory negligence, and is covered by the foregoing discussion of charge 17.

There was no error in the oral charge of the trial court, the exception to which is embodied in the fifteenth assignment of error.

We are of the opinion that the verdict was excessive. True, the plaintiff was considerably bruised, but he was soon cured and lost little or no time from his school or work, there were no bones broken, and it is doubtful that he received any injury of a permanent character unless it was his nose, which can be relieved by an operation, and the verdict as for compensatory damages was grossly excessive. We do not overlook the fact that there was a wanton count and enough evidence to take it to the jury, but, even with the right to add punitive damages, we feel constrained to hold that the amount of the verdict was the result of passion or prejudice or from other improper motives on the part of the jury.

As there is no reversible point in the case other than the excessiveness of the verdict, if the plaintiff will remit all damages in excess of $3,000, the judgment for that amount will be affirmed; otherwise the cause is reversed and remanded.

Affirmed conditionally.

GARDNER, BOULDIN, and FOSTER, JJ., concur.