(130 So. 413)

## ALABAMA POWER CO. v. ELMORE.

### 3 Div. 929.

Supreme Court of Alabama.

Oct. 23, 1930.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

Steiner, Crum & Weil, of Montgomery, and Martin, Thompson & McWhorter, of Birmingham, for appellant.

FOSTER, J.

This case was submitted to the jury on a simple negligence count. The court affirmatively instructed for appellant on the wanton and willful count. There was no evidence offered by defendant except some photographs. Plaintiff's intestate was killed by a street car running over him after he had fallen from a truck on the running board of which he was riding and fell from that position onto the track on which defendant's car was approaching.

In argument, plaintiff's counsel stated: "There is fault on the part of this defendant in not producing the motorman to testify in

the trial of this case." On objection, counsel withdrew this statement, and the court sustained the objection and instructed the jury that "whether the motorman is here or not is not before you." Thereupon defendant moved for a mistrial. In a case of this nature, the Supreme Court has held that plaintiff's counsel cannot "make capital of the defendant's failure to use the motorman * * * as a witness." Manley v. B. R., L. & P. Co., 191 Ala. 531, 68 So. 60, 63. The remark of plaintiff's counsel was only the expression of an opinion by him without emphasis or undue comment or insistence. There is no other part of his remarks in this connection shown or that he undertook to press the contention or unduly urge it, but it was promptly withdrawn and not otherwise mentioned so far as the record shows. We do not see in this situation any prejudicial effect not eradicated by the withdrawal of the comment and the action of the court.

■ Appellant's contention as to the other remark of plaintiff's counsel, referred to in the assignments of error, is controlled by the same conclusion. We find no error in respect to these assignments.

■ While the public and the street railway company each have the right to use the street, when there is a proper franchise, the right of the company to use its tracks in the street, though laid at street grade, is superior to the traveling public, to the extent that the public must vacate the portion occupied by the tracks in favor of the use of them by the cars of the company. Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219.

■■ While that part of the oral charge copied in the third assignment of error may not state the full extent of this rule, it is true as far as it goes, but with a limitation upon the equality of that right which exists only when there is a conflict in the use of the street car tracks by the company and public. It occurs to us that a statement of the limitation upon this equal right is not here of particular importance. The driver of the truck did not contend for a superior or equal right to use that part of the street, but vacated it in ample and sufficient time for such superior right of the company. The respective rights of the company and truck driver are therefore not directly involved. Plaintiff's intestate fell upon the track as the truck crossed it. We think, therefore, that, in stating the principle, the failure to state the limitation in favor of street cars was not prejudicial. Moreover, the substance of refused charge 5 was sufficiently embraced in charges 4 and 6, given at the instance of appellant, to serve the purpose of the issues in this case.

■ In refusing the affirmative charge for appellant, the court declined to instruct the jury that, as a matter of law, it was negligence for deceased to stand on the running board of the truck, and that such negligence proximately contributed to his death. "The question [of negligence] is one of law for the court only when the facts are such that all reasonable men must draw the same conclusion from them." Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77, 80; Birmingham So. Rwy. Co. v. Harrison, 203 Ala. 284, 82 So. 534; White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479; Reaves v. Maybank, 193 Ala. 614, 69 So. 137.

■ It is correctly held, we think, that generally speaking it is not contributory negligence as a matter of law to ride on the running board or fender of an automobile, irrespective of the circumstances, but it is usually a question of fact under all the circumstances. Starkey v. Starkey, 214 Ala. 287, 107 So. 807; Gavin v. Cohn, 136 A. 330, 5 N. J. Misc. R. 296; Koss v. George Schulz Co., 195 Wis. 243, 218 N. W. 175.

The circumstances of a given case may be such as that the occupant of a car in voluntarily assuming a more dangerous position, when a safer one is available, should be held to be negligent as a matter of law. Crider v. Yolande Coal & Coke Co., 206 Ala. 71, 89 So. 285; Karnitsky v. Mashanic, 94 N. J. Law, 127, 109 A. 303; Smith v. Ozark W. Mills Co. (Mo. App.) 238 S. W. 573; Schomaker v. Havey, 291 Pa. 30, 139 A. 495, 61 A. L. R. 1241.

In our recent case of Brasfield v. Hood, 128 So. 433,[1] this court refused to say that in all cases it was negligence as a matter of law to ride on the running board of a car. The evidence in this case does not show an excessive speed by the truck, but does show that the only seat was occupied by two other men, that the truck was "piled up" with watermelons, and that deceased and another man were riding on the running board back of the cab, when a sudden jerk occurred and deceased fell. There is nothing to show that the duties of deceased did not call for his position on that part of the car, or that there was on it a safer place which he could occupy.

■■ The burden was on appellant to show facts from which the negligence of decedent was a conclusion which would admit of no adverse inference by reasonable men to justify the affirmative charge. Under the circumstances shown by the evidence, we cannot say there was that nature of conclusive inference as to withdraw the question from the jury.

We are not therefore willing to affirm as a matter of law that decedent was negligent in such manner as proximately contributed to his death.

■ It seems to us that appellant had the full benefit of its theory of contributory neg-

[1] 221 Ala. 240.

ligence as applied to the facts of this case in charges numbered 35 and 38, given for it. The charges refused appellants constituting the basis of the seventh and eighth assignments of error were refused without reversible error for the reason we have just stated, and also because they use the words "contributed in the slightest degree." Brasfield v. Hood, supra; Smith v. Crenshaw, 220 Ala. 510, 126 So. 127.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

