(133 So. 27)

## ST. LOUIS–SAN FRANCISCO RY. CO. v. NORWOOD.

6 Div. 711.

Supreme Court of Alabama.

March 12, 1931.

Cabaniss, Johnston, Cocke & Cabaniss and Lucien D. Gardner, Jr., all of Birmingham. for appellant.

Altman & Koenig, of Birmingham, for appellee.

SAYRE, J.

Plaintiff (appellee), while a guest in an automobile driven by the owner at a point where defendant's track crosses a public road or street, was injured in a collision between the automobile and defendant's train. The assignments of error are based upon written instructions given or refused on the request of the parties and one excerpt from the court's oral charge. The case was tried upon count B and the defense of contributory negligence pleaded in short.

■ Complaint is made of the action of the court in giving at plaintiff's request .the charge made the basis of the fourth assignment of error. The argument proceeds upon the theory that the charge here in question is open to the criticism visited upon the charge set out in the report of the case of Conway v. Robinson, 216 Ala. at page 497, 113 So. 531. The charge in the case just referred to was held for reversible error for the reason, which was afterwards repeated in Smith v. Crenshaw, 220 Ala. 510, 126 So. 127, that it set up different standards of care and prudence for the respective parties in the consideration of the question of liability in cases of this character when contributory negligence on the part of plaintiff is pleaded. The language of the two charges, that considered in Conway v. Robinson and that here in question, in their definition of or reference to initial and contributory negligence is different, and that of the charge here in question does not, in the court's opinion, put the defendant at the disadvantage on account of which the charge in Conway v. Robinson was held for reversible error.

■ We find no error in that statement of the law which is made the subject of the first assignment. (Appellant's brief makes no reference to the page of the transcript as the rule requires.) The statement of the brief, in effect, is that the charge allows the jury to return a verdict against defendant upon a finding of negligence not within the issues presented by the complaint. We are unable, after a careful reading of that part of the charge to which this exception was reserved, in connection with the rest of the charge to which this excerpt refers, to·find that the criticism of that part of the charge here singled out for exception is well taken. The charge states a commonplace of the law, to wit, that a passenger in an automobile driven by another over whom he has no control is

not, on that state of facts without more, chargeable with contributory negligence. Central of Georgia R. Co. v. Jones, 195 Ala. 378, 70 So. 729. There may be circumstances, as when, for example, the guest or passenger ,in an automobile realizes that the machine is being driven into danger, it becomes his duty, if he would not assume responsibility for what may happen, to warn the driver and to protest a continuance of a movement so actually or probably fraught with danger. Birmingham Ry., Light & Power Co. v. Barranco, 203 Ala. 642, 84 So. 839.

There is no need for an extended statement of the diverse tendencies of the evidence. It is quite clear that defendant was not entitled to the general affirmative charge which it requested in several somewhat different forms. The conclusion, for which appellant (defendant) contends, that plaintiff was aware that the automobile in which he was riding as a guest was being driven into danger, rested upon a medley of facts from which it was the office of the jury to draw the conclusion necessary to a verdict.

■■ Charges, the giving of which is made the subject of assignments of error 2 and 3, were given without error. Section 9955 of the Code. The charge of count B of the complaint, on which the cause was tried, was general to the effect that defendant negligently caused its train to collide with the automobile in which plaintiff was riding at a crossing. There was no specific charge to the effect that defendant's agents in charge of its train were guilty of negligence subsequent to the discovery of plaintiff's peril, and it may be doubted that the evidence can be so construed as to require the trial court to instruct the jury as to that theory of the case. At any rate, the court cannot be put in error for its failure to instruct the jury on that issue. If defendant would have reserved the point, it should have called the court's attention to it by special instruction.

■ Under the evidence the question whether the driver of the automobile was guilty of negligence in approaching and attempting to cross defendant's track was a question for the jury, and even though that issue had been decided against the driver, the charge made the subject of assignment of error 17 was refused without error for the reason that it failed to state the considerations upon which plaintiff might be held responsible for the driver's negligence, and so was misleading. Central of Georgia R. Co. v. Hyatt, 151 Ala. 355, 43 So. 867.

The judgment is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.