17 So.2d 159

### ROBERTS v. McCALL.

#### 4 Div. 327.

Supreme Court of Alabama.

Feb. 24, 1944.

Rehearing Denied March 23, 1944.

E. O. Baldwin, of Andalusia, for appellant.

Jas. A. Mulkey, of Geneva, and Murphy & Cook, of Andalusia, for appellee.

FOSTER, Justice.

The questions on this appeal relate to refused charges requested by defendant and rulings on evidence in a damage suit wherein appellee recovered a judgment against appellant for personal injuries received in the collision of a truck which plaintiff was driving with an automobile which defendant was driving.

The collision occurred at the junction of two public roads in Covington County. Both were paved highways. One was from Florala, and the other from Samson. The Samsan road joined the Florala road forming one from there toward Opp. There was a curve in the Samson road, but looking toward the junction, it was said to be visible one hundred and fifty to two hundred feet.

Plaintiff was on the Samson road, past the crest of the curve and on his right side as he approached the junction. They agree that defendant was approaching from Opp, and as he neared the junction he turned to his left to cross the road, and the right front of his car collided with the left front of the truck as they both had left the road on plaintiff's right and on defendant's left.

Plaintiff claimed that defendant drove across the road in front of plaintiff's truck, which he then pulled off to his right, and the collision then occurred.

Defendant claimed that when he first saw the truck, he had turned off the road to look at some lumber, and was then about two or three feet off the road to his left. That when he turned to his left he did not see plaintiff's truck or any other car on the Samson road; that he then turned and went straight across the road. That he reckons he was two feet off the blacktop when he saw plaintiff coming: that he kept driving but plaintiff "came in and hit me." When defendant claims to have turned off the Florala road near the junction, he could see down the Samson road for one hundred and fifty to two hundred

feet, as shown by a drawing which he introduced, and other evidence.

The different contentions raise a sharp issue of fact. If defendant negligently turned in front of plaintiff's truck in dangerous proximity to its approach proximately causing the collision, a claim of negligence on count 1 was available to plaintiff. If defendant was conscious of the danger, either saw plaintiff as he approached, or knew that someone was likely thus to approach, and he heedlessly and recklessly disregarded the danger and turned across the road in front of plaintiff's truck without looking to see if anyone was in a dangerous position at a time and place when he should have anticipated such a condition, and thereby proximately caused the collision, the claim of wanton injury in the second count was available to plaintiff.

 The evidence justified such a finding by the jury, so that the affirmative charge as to each count was properly refused.

Refused charges 2 and 3 would prohibit recovery on the wanton count as well as on the simple negligence count if plaintiff's negligence contributed in the slightest degree to the accident. We have often held that it is not reversible error to refuse charges thus expressed in respect to simple negligence counts. Smith v. Crenshaw, 220 Ala. 510, 126 So. 127; Brasfield v. Hood, 221 Ala. 240, 128 So. 433; Alabama Power Co. v. Elmore, 222 Ala. 6, 130 So. 413. And not being limited to the simple negligence count, they were properly refused in that they make contributory negligence a bar to recovery on the wanton count.

Refused charge No. 4 exacts too high a degree of care on the part of plaintiff, and it also makes contributory negligence a bar to the wanton count, and is otherwise objectionable.

Refused charge No. 5 does not take into account any duty of defendant to look out for one approaching as plaintiff was, or his negligence in not doing so. Refused charge No. 7 leaves out of consideration many of the elements of contributory negligence as a defense in that connection. The rate of fifteen miles an hour is not made a "hard and fast" rule, but it is only prima facie the limit. Section 5, Title 36, Code of 1940. The charge leaves out proximate causation as an element, and it likewise is not limited to the simple negligence count.

The objections to evidence embraced in assignments of error were not well taken. Some of it tends to show his earning capacity after the injury, and its physical effect on him within the issues made by the pleading. Other features refer to material circumstances which shed light on the issues.

Assignments of error 27 and 28 relate to rulings sustaining plaintiff's objection to certain questions. It does not appear what was proposed to be shown in answer to the questions, and they do not indicate that an answer would be material and competent.

Finding no reversible error, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.