40 So.2d 316

### WATERS et al. v. ANTHONY.

6 Div. 737.

Supreme Court of Alabama.

March 17, 1949.

Rehearing Denied May 19, 1949.

London & Yancey and Chas. W. Greer, both of Birmingham, for appellants.

Taylor, Higgins, Koenig & Windham and J. Howard Perdue, Jr., all of Birmingham, for appellee.

FOSTER, Justice.

Plaintiff recovered a judgment against both defendants, Waters and Lackey, for personal injuries she is alleged to have sustained as a patron of a moving picture show owned by defendant Waters and managed by defendant Lackey. She claims that the seat she undertook to occupy had no bottom, and that in sitting she sat down on the floor without being prevented by the seat. She claimed not that it was defective and fell with her weight, or that it was turned up, but that it was not there. The complaint charged negligence of defendants in and about furnishing plaintiff with a defective seat.

The defense was that there was no such defect, that Lackey was not liable because, as such agent of Waters, he merely omitted to act at most, and owed plaintiff no duty to act, and should have had the affirmative charge, and no neglect of duty was chargeable to Waters, as contributory negligence.

### Assignment of Error No. 1.

This assignment is predicated on the refusal to give charge No. 15. But the record shows that charge No. 15 was given. The argument is as though charge 10–A was thus assigned. But it does not so appear.

### Assignment of Error No. 2.

This assignment is based on the refusal of charge 12–A in the light of the giving of charge 15. This again is argued as though the refusal was of charge 10–A, which is not assigned as error. But charge 12–A is in the exact language of charge 12 which was given.

In respect to all such charges their giving or refusal is usually held not to be reversible error. Nelson v. Lee, 249 Ala. 549, 32 So.2d 22; Roberts v. McCall, 245 Ala. 359, 17 So.2d 159; Alabama Power Co. v. Elmore, 222 Ala. 6, 130 So. 413, 415; Brasfield v. Hood, 221 Ala. 240, 128 So. 433; Smith v. Crenshaw, 220 Ala. 510, 126 So. 127.

■ Appellant's argument is that as charge 15 was given for the benefit of Lackey, a similar one, No. 10–A not 12–A as specified in the assignment, ought to have been given for Waters. But we do not think that status, had it been properly presented, was reversible error, or could have misled the jury to the prejudice of Waters in the light of the giving of charges 12 and 16, applicable to both defendants. The fact that those charges use the word "caused," whereas charge No. 10–A used the word "contributed," should

248

not serve to reflect upon that conclusion. Abstractly speaking, there was no error in refusing charge 10–A, nor did it serve, we think, to prejudice the jury against Waters, in the light of charges 12 and 16.

### Assignment of Error. No. 4.

The suit is for damages against the defendants as operators of a picture show, occurring on Thursday the 15th day of August, 1944, in which plaintiff claimed that she was injured in trying to take a seat on a chair about one-third down the right tier of seats, but that there was no seat in the chair, and she fell to the floor seriously injuring her spine.

Over the objection of defendant, plaintiff proved by the witness Watson that on Monday or Tuesday of the same week, he carried his children to the same theater and went in with them to place them, and not half way down in the same tier of seats one of the children fell through a seat, and there was no bottom to it. He then moved down to another place. The objection was that it does not appear to have been at the same place where plaintiff fell, the time is different, and on the general grounds.

The argument is that since the issue is whether the place where plaintiff undertook to sit was reasonably safe for that purpose, evidence of prior accidents is not admissible, especially if they were at a different place.

But the jury could find from the circumstances that the place to which Watson testified was the same as that here involved. If they find it to be so, evidence of a previous accident there within a reasonably short time before that in question is admissible. City of Birmingham v. Levens, 241 Ala. 47, 200 So. 888.

But it was not so much the matter of another accident as the fact that at another time, a few days before, others had found a seat in such defective condition, was material on the disputed issue. Especially is this true after defendant had introduced evidence tending to show that no such conditions existed at any time in the theater. Such evidence, though produced after Watson testified, tended to fix his evidence as legal and not subject to objection. We do not think there was reversible error in re-spect to this evidence of the witness Watson.

### Assignments of Error 5 and 6.

Assignment No. 5 is the affirmative charge as to defendant Lackey. No 6 is the affirmative charge for defendants, meaning both of them. The defendant Lackey was the manager of the theater and ran it, but had no interest in it otherwise. Defendant Waters was the sole owner of the theater and its equipment, though not of the building. He did not have anything to do with the inspection of it, but employed his father N. H. Waters, Sr., doing business as Waters Theater Company (a trade name) to operate the business, with Lackey as the manager. The defendant Waters made no inspection of the equipment. His father and brother, N. H. Waters, Sr., and Jr., did all that as his employees. But defendant Waters' job was to book the pictures for the theater.

The one count on which the suit was tried charged the defendants J. R. Waters and Lackey as operating the theater, and negligence in doing so. But such allegations charging joint operation are sufficient to embrace a relation of master and servant in respect to the two defendants where the claim is in case for negligence, and though the negligence is directly attributed to the servant, with the liability of the master dependent upon the principle of respondeat superior. Of course a judgment exonerating the servant would relieve the master when that is the only basis of liability, otherwise the judgment may be against one defendant and in favor of the other. Title 7, section 139, Code; Brooks v. City of Birmingham, 239 Ala. 172 (2 and 3), 194 So. 525; Griffin v. Bozeman, 234 Ala. 136, 173 So. 857; Southern Railway v. Lockridge, 222 Ala. 15, 130 So. 557; Walker v. St. L. & S. F. R. R., 214 Ala. 492, 108 So. 388; Supreme Lodge v. Custin, 202 Ala. 246, 80 So. 84.

Appellant again raises a question, which we have repeatedly treated, and ruled against his contention. It is that Lackey is not responsible to plaintiff for his omissions, since his only duty as to them was to his employer. We have declared the theory to be that if Lackey omits to enter upon a discharge of his duties as manager,

his breach is only with reference to Waters, his employer. But if he does enter upon it, and while so doing he is negligent in its performance, either by doing a wrongful act or by neglecting to do what he should have done in the exercise of due care, the duty which he breached is not alone that due to his employer, but also to an invitee who is proximately injured thereby. Southeastern Greyhound Lines v. Callahan, 244 Ala. 449, 13 So.2d 660; Sloss Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385, and other cases there cited.

█ The evidence shows that Lackey was the active manager of the theater, and had charge of the physical condition of it, including seats and lights, and was engaged in the performance of his duties on that day. In doing so, he owed a patron of the theater a duty to exercise due care to have the seat used by her reasonably free from danger, and if he was negligent in this respect proximately causing injury to her, he and his employer were jointly liable. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840.

█ It is not necessary that he have complete control of the operation of the theater. But if he is performing his duties owing to his master under his contract, it was his duty to use reasonable care in the manner of doing it so as not to cause injury to third persons exercising their lawful rights as patrons of the theater. Wright v. McCord, 205 Ala. 122, 88 So. 150. It was shown by his evidence to be his custom to inspect the seats every Tuesday afternoon and to a certain extent every day. The theater was cleaned by a maid every day, and it was her duty if she found anything wrong with a seat to turn it down. And Lackey's custom was to go down the aisles every day and see if the maid had turned down any seats. But as manager of the theater in charge of the physical condition of the seats, it cannot be said that those were the only duties owing by him as to their safe condition. His custom in that regard was apparently his own plan, and prescribed by himself as manager in charge of the condition of the seats. He cannot set up for himself a custom as the standard by which his duty is measured, and then contend that a diligent discharge of it was all he owed to the public. His recital of the custom of inspection used by him was evidently meant to rebut the evidence that the seat was defective, as plaintiff contended. It was for the jury to say whether he discharged his duty in the matter of the physical conditions of the seats.

Lackey's duties as manager were impliedly very large. Sheip v. Baer, 210 Ala. 231, 97 So. 698; Modern Order of Praetorians v. Childs, 214 Ala. 403, 108 So. 23. His own evidence shows that it was a part of his duties as such manager to look after the physical condition of the seats provided for guests.

In Woolworth v. Erickson, 221 Ala. 5, 127 So. 534, such a suit resulted in a verdict in favor of the store manager and against the employer. The Court held that such a joint suit did not require proof of a joint liability, and that the verdict may stand on the theory that although the manager was not negligent some other employee may have been, thereby fixing the liability on the employer. We have here no such question.

The status of this record does not require us to apply the principle declared in Birmingham Amusement Co. v. Norris, supra, as to the non-delegable duty of the proprietor of a picture show owing his patrons in respect to the condition of the seats.

█ It cannot be said that the verdict of the jury was contrary to the great weight of the evidence in that respect. And we have come to the conclusion that there is no reversible error in the record, except in respect to the amount of damages which was one ground on which the motion for a new trial was made and denied. We think that the motion for a new trial should be granted on that ground, unless appellee remits the amount of her recovery from $20,000 to $15,000. A judgment will accordingly be entered that unless appellee files with the clerk of this Court a remittitur within thirty days, reducing the judgment to $15,000, the judgment of the trial court will stand reversed. If such remittitur is duly filed, the judgment for $15,-

000 with interest from February 3, 1948, the date of the judgment in the circuit court, will stand affirmed.

Affirmed conditionally.

BROWN, LAWSON and STAKELY, JJ., concur.