130 So.2d 326

Marion Ernie FLEMING et al.

v.

Melissa Alice KNOWLES, pro ami.

1 Div. 785.

Supreme Court of Alabama.

May 25, 1961.

J. B. Blackburn, Bay Minette, for appellants.

Telfair J. Mashburn, Jr., Bay Minette, for appellee.

COLEMAN, Justice.

This is an appeal by defendants from a judgment rendered for the plaintiff in an action to recover damages for personal injury suffered by plaintiff in a motor vehicle collision. The complaint is in one count for simple negligence.

Plaintiff, an infant, was injured while riding in an automobile with her mother, in a westerly direction on Seventh Street in Bay Minette. Plaintiff contends that the collision was caused by the negligence of defendant Fleming in failing to stop at the intersection of Seventh Street and Moog Avenue, where there was a stop sign, when Fleming drove a truck going south into the intersection where the automobile and truck collided.

It appears that at the time of the collision, Fleming was an employee of the defendant City of Bay Minette so as to render the City liable under the doctrine of respondeat superior.

The defendants contend that Fleming did not enter Seventh Street at the Moog Avenue intersection. Defendants contend that Fleming entered Seventh Street one block east of Moog Avenue and was driving west along Seventh Street, without negligence, when plaintiff's mother drove the automobile into the rear of the truck. The errors insisted on are as follows:

1. Defendants assert that the court erred in overruling defendants' motion to strike from the complaint the following allegation:

"'she will continue to be put to expenses for Doctors, hospitals and medicines in and about the treatment of her permanent injuries,'"

Defendants argue that the expense of medical treatment incurred by plaintiff after commencement of the action is an improper element of damages, citing Alabama Lime & Stone Company v. Adams, 218 Ala. 647, 119 So. 853, where this court held demurrer was not the proper mode of objecting to a claim for salary earned after the action was commenced.

■ Assuming arguendo that defendants pursued the correct method of raising objection to the inclusion of medical expenses occurring after action was commenced as an element of damages, we are nevertheless of opinion that the motion to strike was correctly overruled because the expense of future medical treatment required for the injury sustained by plaintiff is a proper element of damages in an action for injury to the person. This court has said:

"* * * when the injury is to the person, and the wrong which causes it is not continuous in its nature, then there can be but one action for its redress, no matter how permanent or lasting the disability, pain or suffering may be. Hence, in such action, the party injured may recover in one and the same suit compensation for the disabling effects of the injury, whether past or prospective. In estimating the damages, the jury may consider the expenses of the cure; and if the injury is permanent or irremediable, or will require future treatment or nursing, the proper costs of this may be added. * * *." South & North Alabama Railroad Co. v. McLendon, 63 Ala. 266, 272, 273. See also: Alabama Great Southern R. Co. v. Flinn, 199 Ala. 177, 74 So. 246; Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334.

■ 2. Defendants assert that the court erred in permitting the plaintiff's father to testify that the child was "more nervous" after the accident, and in permitting the plaintiff's mother and grandmother to testify that the child was "extremely nervous" after the accident and was not "nervous" prior to the accident. Defendants argue that admission of this testimony, over objection, was error because the question objected to called for a conclusion of the witness, and was invasive of the province of the jury.

In Bradley v. Lewis, 211 Ala. 264, 100 So. 324, this court refused to reverse for failure to exclude testimony that plaintiff had been "very nervous" since the injury and might be called "a nervous wreck." In Gadsden General Hospital v. Hamilton, 212 Ala. 531, 103 So. 553, 40 A.L.R. 294, it was held not error to admit testimony that plaintiff was "nervous" after the occasion complained of. In another case it was said:

"* * *. We think, however, that the trial court did not err in permitting Mrs. Hayes to state, as a collective fact, that plaintiff was 'awfully nervous' shortly after the alleged search of her home and for a week afterwards. (Citations Omitted.) Such statements, subject as they are to cross-examination, can do little harm in any case, and the trend of modern decisions is opposed to making their admission a ground for the reversal of judgments unless they are clearly improper and manifestly prejudicial." Disheroon v. Brock, 213 Ala. 637, 639, 105 So. 899, 900.

Defendants argue further that the testimony to effect that child was more nervous was erroneously admitted because " * *. There was no evidence by any of the three witnesses as to the condition of the appellee before the accident or after the accident, or their opportunity to observe her before the accident or after the accident."

■ The specific ground of objection made in the trial court was that the question called for "the conclusion and opinion of the witness." The ground now urged, to wit, failure to show that the witness had been afforded opportunity to observe the plaintiff, was not presented to the trial court and was waived. When specific objection is made, all other objections are waived. Circuit Court Rule 33; Smith v. Bachus, 195 Ala. 8, 12, 70 So. 261; Fuller v. State, 269 Ala. 312, 113 So.2d 153.

We are of opinion that the trial court did not err in admitting this testimony.

3. Defendants assign as error the giving, at plaintiff's request, of the following written charges:

"1. I charge you, Gentlemen of the Jury, that, if you are reasonably satisfied from the evidence, the defendant, Marion Ernie Fleming, did not stop for a stop sign, at the time and place complained of in the complaint, then, as a matter of law, he was guilty of negligence, and if you are further satisfied from the evidence that this was the proximate cause of the accident, then it would be your duty to find for the plaintiff in this cause.

"2. I charge you Gentlemen of the Jury, that the failure to stop for a 'Stop' sign constitutes negligence as a matter of law, and, if you are reasonably satisfied from the evidence in this cause, that the defendant, Marion Ernie Fleming, at the time and place complained of, failed to stop for a stop sign, and, if you are further reasonably satisfied from the evidence that his failure to stop was the proximate cause

of the accident, then it would be your duty to find for the plaintiff in this cause."

It is to be noted that the plaintiff was an infant, less than two years old at the time of injury, and no question of contributory negligence is here involved.

Defendants argue that Charges 1 and 2 are bad because they invade the province of the jury, overemphasize testimony of plaintiff's witnesses which was disputed by defendants' witnesses, are misleading for failure to describe the stop sign or its location, and are silent as to whether verdict should be against one or both defendants.

It is true that the testimony was in dispute and it was the jury's province to decide which testimony was true, but the charges are hypothesized on the jury's being reasonably satisfied from the evidence. The charges leave to the jury the decision as to whether the defendant, Fleming, did or did not stop, and also whether the failure to stop was the proximate cause of the injury.

■ The charges do present plaintiff's theory of her right to recover. Plaintiff contended that defendant, Fleming, did not stop the truck at the stop sign before entering the street on which plaintiff was riding, that in failing to stop Fleming failed to do what the law required, and that the failure to stop proximately caused the collision and injury to plaintiff. We do not think these charges are to be condemned as unduly emphasizing the testimony of one witness or one phase of the evidence. In Harris v. Blythe, 222 Ala. 48, 130 So. 548, 549, this court held that it was not erroneous to charge:

" 'Now, gentlemen, the law requires a person entering these main highways, trunk highways of the State, when going into them, it is their duty under the law to stop at that sign, and failure to stop would be negligence per se, that he was negligent.'

" 'Failure to do that would be violation of the law, and would be negligence per se.' "

In Mobile City Lines v. Orr, 253 Ala. 528, 45 So.2d 766, 768, this court held it was not error to charge that one entering a public street at which a stop sign has been erected, shall bring the vehicle to a complete stop before entering into such intersection " ' * * * and it is, as a matter of law negligence for the driver of a vehicle to merely slow up but not come to a complete stop before entering the same.' " The instant charges are to the same effect.

Under the evidence in this case, there is nothing misleading in the failure to further describe the sign or its location. Charge 1 refers to "a stop sign, at the time and place complained of in the complaint," and Charge 2 says if the defendant, Fleming, "at the time and place complained of, failed to stop for a stop sign." The complaint, in a single count, alleges that "at the intersection of Seventh Street and Moog Avenue, Public Highways, in the City of Bay Minette * * *" the defendant negligently operated an automobile truck. From the testimony there is no doubt as to what the stop sign looked like or where it was located. Photographs of the intersection where the collision occurred were introduced in evidence. The stop sign at the intersection is plainly visible in the pictures. There is no uncertainty as to the sign referred to in the charges.

Defendants complain that the charges do not state whether the verdict should be against one or both defendants. Defendants state in brief, "It was not disputed by the City of Bay Minette * * * that Mr. Fleming * * * was its agent * * * acting within the line and scope of his authority at the time of the accident * *." If this be conceded, clearly the verdict, if for plaintiff, should have been against both defendants, as it was. Both defendants, or none, were liable. There was no reason to instruct the jury otherwise. We are of opinion that Charges 1 and 2 were given without error.

4. Defendants assign as error the giving of plaintiff's requested Charge 3 as follows:

"3. I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence that the defendant, Marion Ernie Fleming, was guilty of the slightest negligence that proximately caused the injuries to the plaintiff, then you must find for the plaintiff."

We note again that plaintiff was an infant and that contributory negligence of plaintiff is not here involved. Aside from the matter of contributory negligence, Charge 3 is substantially the same as the charge given for plaintiff and made the basis of the fourth assignment in St. Louis-San Francisco R. Co. v. Norwood, 222 Ala. 464, 133 So. 27. See also Smith v. Crenshaw, 220 Ala. 510, 126 So. 127; Nelson v. Lee, 249 Ala. 549, 560, 32 So.2d 22; Waters v. Anthony, 252 Ala. 244, 247, 40 So.2d 316. Giving Charge 3 was not error.

5. We are of opinion that if plaintiff's Charges 5 and A be subject to the objections urged by defendants, the giving of the charges was error without injury under Supreme Court Rule 45.

6. Defendants argue that the verdict was contrary to the law of the case in that the court gave defendants' requested Charge 2, which is the affirmative charge with hypothesis for defendants, but the jury returned a verdict for the plaintiff. This proposition was presented as grounds of defendants' motion for new trial which was overruled, and overruling the motion is assigned as error.

The oral charge of the court cannot be reconciled with defendants' Charge 2. The oral charge, in pertinent part, recites: "If after considering all of the testimony in the case, and the law as I have given it to you, you are reasonably satisfied that the Plaintiff should recover, you should return a verdict for Plaintiff * * *. Likewise, after considering all of the evidence, you are not satisfied that the Plain-

tiff should recover, then your verdict would be for the defendant * * *." The written charges given for plaintiff, which we have already considered, are clearly opposed to the proposition that the evidence, if believed, required the jury to find for defendants. The evidence was in conflict as to the negligence of defendant Fleming, and defendant was not entitled to have Charge 2 given. Ground 14 of the motion for new trial asserts that the court gave Charge 2 and then "erred in failing to deliver the said written charge to the jury to be considered by it with the other written charges * * *." In opposing the motion for new trial, plaintiff offered an affidavit by plaintiff's attorney which states that affiant was present in the courtroom during the entire trial of said cause, including the time during which the court charged the jury, and that "The Court did not read to the jury defendants' written charge Number 2 * * * that, despite the fact that said charge is marked 'Given' by the Trial Judge, it was not actually given by the said trial judge * * *."

We do not understand defendants to insist that Charge 2 was, in fact, read to the jury or that the jury received the paper on which Charge 2 was written. The record does show that Charge 2 was endorsed "Given," and signed by the trial judge. The proposition now insisted on by defendants was presented to the trial court by the motion for new trial, and was rejected by the trial court in overruling the motion.

The circumstances shown by this record lead us to conclude that Charge 2 was inadvertently endorsed given, but was neither read to the jury by the court nor physically delivered to the jury with other given charges. In short, although marked given, the charge was not given. Since the charge was not given, the verdict was not contrary to the charge, and this assignment of error is not sustained.

7. On the hearing of the motion for new trial, defendants offered in evidence a list of twelve figures on the back of one of the given charges. It appears conclusively that these figures were written by one of the jurors during the jury's deliberation. The figures were added and the total was divided by 12. The quotient appears as 7666. The verdict was for $8,000. Defendants say the verdict was a quotient verdict and should be set aside and a new trial granted.

A number of cases have been considered by this court on the matter of quotient verdicts. One of the older cases cited frequently is Southern Ry. Co. v. Williams, 113 Ala. 620, 21 So. 328, 329. This court there stated the following rule:

"* * * If a jury should agree in advance that their verdict should be the result or quotient of a division by twelve of the sum total of all the jurors' separate assessment, a verdict brought about by such an agreement, ought to be set aside. * * *" (113 Ala. 620, 625, 21 So. 328.)

Verdicts were set aside as quotient verdicts in International Agri. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L.R.A.,N.S. 415; New Morgan County Building & Loan Ass'n v. Plemmons, 210 Ala. 286, 98 So. 12; George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53. Cases holding that a quotient verdict had not been shown are: Birmingham Ry., Light & Power Co. v. Clemons, 142 Ala. 160, 37 So. 925; Birmingham Ry., Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024; Alabama City, G. & A. Ry. Co. v. Lee, 200 Ala. 550, 76 So. 908; City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264, 122 A.L.R. 637; Harris v. State, 241 Ala. 240, 2 So.2d 431; Sanders v. State, 243 Ala. 691, 11 So.2d 740; Montgomery City Lines v. Davis, 261 Ala. 491, 74 So.2d 923.

The pertinent principles are stated in the cited cases. The vitiating fact seems to be the agreement in advance to abide by the result of the calculation.

Data of this kind here shown have been held prima facie sufficient to impeach the verdict as a quotient verdict. While jurors are not permitted to impeach their own verdict, they may by affidavit disclose facts to sustain their verdict. It was competent for plaintiff to prove by the jurors themselves that the figures were written and the calculations were made without previous agreement that the result should be the verdict, but tentatively only, and to afford a basis for subsequent consideration and discussion by the jury.

The affidavits of jurors Golden and Fuqua are positive that no agreement was made in advance to be bound by the result of the calculation and that it was made to get a figure as a basis for discussion in determining the amount of the verdict. On the facts stated in the affidavits, the verdict was not a quotient verdict and was not due to be set aside on that ground. Birmingham Ry., Light & Power Co. v. Clemons, supra.

8. We are of opinion that the court did not err in overruling the ground of motion for new trial taking the point that the verdict is excessive. Medical expenses of $316 were shown. Dr. Gaston testified that plaintiff had received scars which he thought were permanent. We understand that these scars disfigured plaintiff's face. The scars were shown to the jury. We do not have this advantage which the court and jury had, and are not persuaded that the verdict was so excessive as to indicate such bias, passion, or prejudice as would justify us in setting the verdict aside after the trial court has refused to do so. Brandwein v. Elliston, 268 Ala. 598, 109 So.2d 687.

Error to reverse not being shown, the judgment of the circuit court is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.