156 So.2d 922

**G. K. THRASHER**

**v.**

**C. R. DARNELL.**

**8 Div. 123.**

Supreme Court of Alabama.

Oct. 17, 1963.

Camp & Smith, Huntsville, for appellant.

Humphrey, Lutz & Smith, Huntsville, for appellee.

## PER CURIAM.

The appeal before us is to review the judgment of the Circuit Court of Madison County for $2,000.00 against appellant and in favor of appellee; also to review the judgment of the court in overruling defendant's motion for a new trial.

· The complaint, which is the basis of the judgment, contains two amended counts. One charges defendant with negligence and the other with wantonness in the operation of his automobile at or near a named highway intersection within the corporate limits of the City of Huntsville, in such manner as to force plaintiff's tractor-trailer truck from the paved portion of a designated highway, thereby causing it to overturn. The complaint claims certain specified damages that proximately resulted from said conduct of the defendant.

The defendant filed a plea "in short by consent the general issue with leave to introduce into evidence any matter which might have been specially pleaded." This plea would include a defense of contributory negligence on the part of plaintiff as to the negligent count but not as to the wanton count.

■ The jury returned a general verdict. In this state of the record, the verdict will be referred to either of the counts that is supported by proof. Brush v. Rountree, 249 Ala. 567, 32 So.2d 246(1).

Plaintiff's evidence tends to establish that the driver of the truck, acting within the line and scope of his authority as plaintiff's agent or servant, was driving the truck, heavily loaded with cotton, south on the west paved lane of Memorial Parkway, a public highway within the corporate limits of Huntsville, Alabama, with two paved lanes for southbound motor vehicular traffic; that defendant drove his automobile, occupied by himself and two passengers, across an island connecting Whitesburg Drive (a counterpart of Memorial Parkway for northbound motor vehicles) and Memorial Parkway. After entering this Parkway, he turned south, using the left paved lane. After proceeding 5 to 10 yards beyond the south line of the intersection, plaintiff contends that defendant, his automobile and the truck being 5 or 6 feet apart, with the automobile slightly ahead of the truck, swerved his automobile to the right lane in front of the truck. At this time the driver of the truck, Mr. Wall, pulled his truck off the paving onto the muddy shoulders on the right of the paved portion. The truck, after proceeding 200 to 300 yards, turned

over on the shoulder of the road. This upset of the truck, plaintiff contends, resulted in certain damages catalogued in the complaint.

Wall, the driver of the truck, admitted that he was driving the truck without headlights, when the accident occurred about 7:00 p. m., February 26, 1961, but testified that he had visible lighted marker lights on both sides of the truck and on its front. Also, he admitted a speed of 40 or 45 miles per hour when he reached the intersection within the corporate limits of Huntsville.

Defendant's evidence tended to show that he drove his automobile across the center island between the traffic lanes and turned south onto the right paved lane of Memorial Parkway, which was for southbound traffic; that after he had travelled on this lane about 300 feet south of the intersection, he then saw the truck for the first time. "It was coming along beside me on the shoulder of the road," so he testified. It then turned over. He denied traveling on the left paved portion of the Memorial Parkway, but says that he crossed immediately from the center island to the right paved portion of the highway.

We observe that pursuant to the testimony of both parties, both the truck and the automobile had cleared the intersection and were traveling in the same direction (south) when the accident occurred.

In view of this clearance by reasonable footage, we fail to see where the rules of the road governing vehicular traffic at intersections in Alabama, as enacted by the legislature, have any relevant application to the issues of fact in this case.

The factual issue presented by the evidence is whether or not defendant's automobile was on the left paved lane of the highway, where he had a lawful right to be, and suddenly swerved or pulled to the right onto the right paved lane of the highway in the path of the truck alleged to have been traveling on the right paved lane where it had a lawful right to be; or whether defendant, as he contends, was driving his automobile on the right paved lane and plaintiff's truck was on the right unpaved shoulder of the road where it was upset without any negligence of the plaintiff contributing thereto.

Appellant assigns only one ground of error, namely, that the trial court erred in rendering a judgment denying his motion for a new trial. Under this assignment, he lists 29 grounds which appear in the motion.

We will consider only those grounds of the motion argued by appellant in his brief. Revised Rules of the Supreme Court, Rule 9, Appendix, page 222, Cumulative Pocket Part, Title 7, Code of Alabama 1940.

Ground·12 presents for consideration the ruling of the trial court in refusing Charge 8, which appears in the reporter's statement. This charge is unintelligible and incomplete and was correctly refused.

Ground 26 reads as follows:

"For that the Trial Court erred in overruling the objection by the defendant to the testimony of the plaintiff as to the tire marks near the intersection in which this accident occurred and on the west side of same as it was not shown by the testimony by the plaintiff that said tire marks or marks in the mud were actually made by the plaintiff's motor vehicle."

In the light of plaintiff's testimony, this ground was general and could not be considered for a new trial. Nashville, C. & St. L. Ry. v. Crosby, 194 Ala. 338, 70 So. 7(10).

Appellant contends by Ground 5 of his motion for a new trial, assigned as error, that the verdict of the jury is excessive. We cannot agree to this contention. Plaintiff testified, pursuant to § 367, Title 7, Code of Alabama 1940, that his damages were as follows: Reasonable market value of the truck immediately before the accident—$7,000.00; immediately after the accident, $6,000.00; reasonable market value of a tarpaulin, which was destroyed, $200.-00; reasonable value of hire or use of the

truck during repairs, 12 days—$600.00; loading cargo on another truck, $25.00; total actual damages $1,825.00. This evidence was uncontradicted and was admitted in evidence. § 367, Title 7, Code of Alabama 1940; Krebs Mfg. Company v. Brown, 108 Ala. 508, 18 So. 659(3); Arrick v. Fanning, 35 Ala.App. 409, 47 So.2d 708(10); Birmingham Ry., Light & Power Company v. Sprague, 196 Ala. 148, 72 So. 96(3); Hunt v. Ward, 262 Ala. 379, 79 So.2d 20(9). No ground appears in the motion for a new trial or assignment of error made that the court erred in admitting in evidence, over the objection of defendant, plaintiff's testimony as to value of the hire or use of the truck during repairs.

The jury was authorized, under the pleadings, to assess punitive damages that are authorized pursuant to the wanton count. The difference between the verdict of $2,000.00 and the actual damages of $1,825.00, shown by the evidence, was $175.00, which could be the amount of punitive damages that the jury added.

We are not in agreement with appellant that the trial judge did or intended to eliminate the wanton count from the consideration of the jury. The oral charge mentions the wanton count and also outlines the elements of wantonness.

It is true that the trial judge did not charge the jury that, within their discretion, they could impose punitive damages under the wanton count. But such omission did not deny the jury the discretionary privilege of assessing such damage. Such assessment could be made along with compensatory damages. Clinton Mining Company v. Bradford, 200 Ala. 308, 76 So. 74(13); Payne v. Smitherman, 206 Ala. 591, 91 So. 575(3).

We are not persuaded that the wanton count was not supported by any evidence. Considering the density of motor vehicular traffic that would justify the building of a highway consisting of four lanes (two each for traffic proceeding in opposite directions) within the corporate limits of Huntsville to facilitate the movement of traffic, as here, we cannot say as a matter of fact that defendant was not guilty of wantonness when he undertook, as the plaintiff's testimony tended to show, to move from his left lane to the right lane of traffic without first determining he could do so with reasonable safety. General Acts of 1949, Act No. 517, page 754. Also, see Title 36, § 17, Recompiled Code of Alabama 1958; Roberts v. McCall, 245 Ala. 359, 17 So.2d 159(2). A jury question under plaintiff's evidence was presented.

Assuming appellant's contention to be true that plaintiff's driver was guilty of negligence as a matter of law in violating certain rules of the road with respect to proper lighting and excessive speed, recovery is not barred under the negligence count unless such negligence proximately contributed to the injuries or damages claimed. A jury question was presented. Newman, et al. v. Lee, 222 Ala. 499, 133 So. 10(3).

We have held innumerable times that contributory negligence is no defense to a wanton count in a civil action. Roberts v. McCall, supra. Neither is wantonness a defense to wantonness in a civil action. Foreman v. Dorsey Trailers, 256 Ala. 253, 54 So.2d 499(12).

The verdict of the jury was supported by the evidence in the case, and the court will not be put in error for denying the motion for a new trial on any ground of the motion adequately argued on this appeal. Nashville, C. & St. L. Ry. v. Crosby, 194 Ala. 338, 70 So. 7(11).

The judgment of the trial court should be and is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.