90 So.2d 103

**Hoyt M. ARMSTRONG**

v.

**LOUISVILLE AND NASHVILLE RAIL-
ROAD CO.**

6 Div. 797.

Supreme Court of Alabama.

June 30, 1956.

Rehearing Denied Sept. 13, 1956.

Johnson & Randall, Oneonta, opposed.

Nash & NeSmith, Oneonta, and Chas. H.
Eyster, Decatur, for petitioner.

STAKELY, Justice.

On the issue of negligent operation of the
train the jury in the trial in the circuit
court found for the defendant. The Court

of Appeals reversed this finding, holding that the plaintiff was entitled to the affirmative charge. We interpret the opinion of the Court of Appeals as holding that the evidence was not sufficient to overcome the presumption arising under § 173, Title 48, Code of 1940, the injury to the cow being shown. We do not agree.

It is well to note that the train, the mechanical equipment of which was in good working order, was being operated by an experienced engineer, who was exercising care in keeping a lookout and who did everything reasonably possible to stop the train after seeing the cow. Also the train was moving at a lawful speed. Cannon v. Louisville & N. R. Co., 252 Ala. 571, 42 So.2d 340.

Since the Court of Appeals rendered its opinion, this Court held in Louisville & Nashville R. Co. v. Moseley, 263 Ala. 103, 81 So.2d 321, that the headlight rule has no application to the operation of trains in the country in the nighttime on curves on which there is no public crossing. Of course the Court of Appeals did not have that decision before it.

In accordance with the change in the law to which we have referred the question of negligence of the railroad in operating its train at the time of the accident was a question for the jury. Counsel in briefs mention the enactment of the statute prohibiting open range counties. § 93(1), Title 3, Code of 1940. The accident in the case at bar happened after the effective date of the foregoing statute abolishing open range counties. Under the ruling of our cases, however, we do not consider that the prohibition of open range counties has any effect in this case and it should not be considered. Prohibition of the open range does not change the duty and burden of proof placed on the railroad under § 173, Title 48, Code of 1940. Alabama Great Southern Railroad v. McAlpine & Co., 71 Ala. 545; Southern Railway Co. v. Hoge, 141 Ala. 351, 37 So. 439; Alabama Great Southern Railroad v. Powers, 73 Ala. 244; Louisville & N. R. Co. v. Kelsey, 89 Ala.

287, 7 So. 648; South & North Alabama Railroad Co. v. Williams, 65 Ala. 74; Alabama Great Southern R. Co. v. Jones, 71 Ala. 487. It results that the case is due to be reversed and remanded to the Court of Appeals.

Reversed and remanded to the Court of Appeals.

All the Justices concur.