202 So.2d 155

### ALABAMA GREAT SOUTHERN RAILROAD CO. et al.

v.

### Annie Pearl MORRISON, as Adm'x.

**6 Div. 49.**

Supreme Court of Alabama.

June 29, 1967.

Rehearing Denied Sept. 7, 1967.

312

Cabaniss, Johnston, Gardner & Clark, Leigh M. Clark and L. Murray Alley, Birmingham, for appellants.

Hare, Wynn, Newell & Newton, Birmingham, for appellee.

COLEMAN, Justice.

Defendants, The Alabama Great Southern Railroad Company, (AGS), and its engineer, Fox, appeal from a judgment for $60,000.00 rendered on a verdict for the plaintiff in action for wrongful death of plaintiff's intestate who was killed when an automobile, in which intestate was riding as a passenger, collided with a train of AGS at a grade crossing within but near the corporate limits of the City of Birmingham at approximately 6:50 a. m. on January 20, 1961. The driver of the automobile was also killed.

The railroad will be regarded in this discussion as perpendicular to the street. The train was traveling from west to east at a speed estimated by witnesses at from 50 to 70 miles per hour. The engineer, Fox, testified that the train was going 55 miles per hour. A municipal ordinance limited the speed of trains to thirty miles per hour at the time and place of collision.

Two witnesses estimated the speed of the automobile at between 20 and 30 miles per hour. The fireman, Long, saw the automobile the last 100 feet before the collision and testified that he did not know the speed of the automobile. Long thought the car was about the same distance from the crossing as the train and thus, by inference, fixed the speed of the car at the same speed as that of the train, 55 miles per hour.

The evidence seems to be undisputed that the automobile did not stop or reduce its speed as it approached the crossing. There were flashing lights at the crossing and they were operating.

The testimony indicates that the automobile collided with the engine at "About the left front wheel . . . . the left part of the pilot." As we understand it, the automobile and engine arrived at the crossing simultaneously.

There is testimony that the train whistle began blowing approximately a quarter of a mile from the crossing and continued to blow until the engine reached the crossing. One witness said he heard the whistle blow only once.

The automobile was demolished and knocked 98 feet. The engine came to a stop 2,544 feet east of the crossing.

The case went to the jury on two counts, one charging that " . . . . a servant or agent of the defendants . . . . wantonly injured plaintiff's intestate . . . ." Defendants pleaded in short by consent, with leave, etc.

In oral charge, the court read to the jury § 173, Title 48, Code 1940.[1] Defendants excepted as follows:

"MR. CLARK: Yes, sir. All right. We except to that part of the charge of The Court. And then we also except to 173, the reading of 173, and particularly— if I could borrow your book on that, Judge.

"THE COURT: Sure, help yourself.

"MR. CLARK: And particularly that part of it which reads as follows: 'And when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents.' And in doing so, in making that exception, we state that it is our contention and our position that as interpreted by the Court as a proper instruction to the jury, if that is the meaning of that statute it would be unconstitutional as violative of due process of law under the federal constitution. And I will be glad to give you the citation on that if necessary. I just wanted to be sure that—and under the state constitution that it would be a— that it would be against due process of law for such a burden of proof to be placed upon the defendant.

"And we say furthermore that the plaintiff in the case assumed, in addition to all of that, assumed the burden of proof.

"THE COURT: Well, that gets that."

Defendants severally assign for error the action of the trial court in reading to the jury the quoted last clause of § 173.

The defendant railroad contends that, although § 173 is not unconstitutional on its face, reading it to the jury violates defendant's right to due process under the 14th Amendment of the Constitution of the United States, and that, if the statute is to be construed as a proper charge to the jury in a case where the defendant railroad has produced evidence acquitting itself of negligence, then § 173 does violate the 14th Amendment and reading § 173 to the jury deprives the defendant railroad of its property without due process of law.

Plaintiff says that defendants did not properly except to the charge so as to raise in the trial court the objection now urged on appeal, and, therefore, that defendants are not entitled now to raise that objection in this court, citing Stein v. Ashby, 30 Ala. 363.

In the cited case, Ashby sued Stein for damages caused by diversion of the water of a creek. On verdict of a jury, judgment was rendered for plaintiff and defendant appealed. On the trial, defendant Stein excepted to the "second charge," " 'on the ground that it was abstract; insisting that there was no evidence tending to show the actual possession by plaintiff of the land on *or near* the creek within the disputed territory.' " This court said that defendant was under no obligation to confine his exception to the charge to the single

1. § 173, Title 48, recites:
"A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was *no negligence* on the part of the company or its agents."

ground specified by him; but, having elected to do so, the court will confine him to that ground and hold that he has waived all other grounds. This court held further that no injury could have resulted to defendant from the fact that the charge was abstract and said that it is settled that an abstract charge, from which no injury results to the party excepting to the charge, furnishes no ground for reversal of the judgment. This court affirmed the judgment for plaintiff.

■ Neither the opinion nor the original record shows precisely whether the "second charge" in *Stein* was a charge requested by plaintiff or part of the oral charge. We think the "second charge" was probably a charge given at the request of plaintiff and not a part of the court's oral charge. It may be, but we do not decide, that the rule of *Stein* has been changed by the statute, § 818, Title 7, which applies to requested charges and now provides that it is not necessary for a party to except to the ruling of the court in giving or refusing a charge requested in writing. See Cutcliff v. Birmingham R. Light & Power Co., 148 Ala. 108, 41 So. 873, where the court held that a party who had consented to the giving of a requested charge could not afterwards complain. In any event, under the statute, a party is not required to state a reason for excepting to a requested written charge. It may be that if a party chooses to state the ground why he thinks a requested charge is bad, then the exceptor would be confined on appeal to the ground stated to the trial court, but this writer does not recall a record in which a party has stated any ground for objecting to a charge requested by the other party nor any other record in which a party stated any ground

or reason for excepting to a part of the court's oral charge. We do not think a party is required to state any reason for excepting to the oral charge.

■ Whatever may be the rule confining a party to the reason stated to the trial court in excepting to the oral charge, we are of opinion that defendants in the instant case stated sufficiently the same reason which is urged on this appeal with respect to reading § 173 to the jury. Defendants say now that § 173, when applied as construed by this court in Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 133 So. 294, does not violate the due process clause of the 14th Amendment; but, when § 173 is read in charge to the jury, where the railroad has produced evidence which supports a finding acquitting the railroad of actionable negligence, then such a construction of § 173 deprives the railroad of due process of law and contravenes the 14th Amendment.

In reserving exception, the defendants said in the trial court: " . . . . it is our contention and our position that as interpreted by the Court as a proper instruction to the jury, if that is the meaning of that statute it would be unconstitutional as violative of due process of law under the federal constitution. And I will be glad to give you the citation on that if necessary."

We are of opinion that the statement to the trial court is sufficient to entitle defendants to raise on appeal the objection that reading § 173 to the jury in the case at bar constituted a denial of due process under the authorities hereinafter discussed.

Defendant railroad relies on Western & Atl. R. Co. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 73 L.Ed. 884,[2] decided in 1929.

2. Plaintiff sued for death of her husband who was killed in a truck-train collision at a grade crossing. The state supreme court affirmed judgment for plaintiff and the railroad appealed to the U. S. Supreme Court who reversed and said:

"The question presented is whether the due process clause of the Fourteenth

Amendment is violated by section 2780 of the Georgia Civil Code. It follows: 'A railroad company shall be liable for any damages done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and serv-

In Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 133 So. 294, decided in 1931,

ice of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.'" (279 U.S. at page 640, 49 S.Ct. at page 446)

Plaintiff proved that her husband was killed in the collision and offered some evidence of negligence on the part of the defendant railroad. Defendant offered much evidence tending to show that it and its employees exercised due care. The U. S. Supreme Court said further:

"The court's charge included the following: 'When it has been made to appear that injury or damage has occurred by reason of the operation of the locomotive and train of cars of a railroad company, the presumption arises that the railroad company and its employees were negligent in each of the particulars specified in the plaintiff's petition, and the burden thereupon shifts to the railroad company to show that its employees exercised ordinary care and diligence in the particulars wherein they are alleged to have been negligent, and, unless it does so, the fact of the injury or damage having been made to appear, the plaintiff, suing for recovery of damages by reason of such injury, would be entitled to recover. . . . The burden is upon the plaintiff in this case to establish her contentions by a preponderance of the evidence. That is subject to the qualification already given you, that, when the fact of the killing has been made to appear, the presumption arises that the defendant company was negligent in each of the particulars specified in the petition, and the burden thereupon shifts to the defendant company to show that its employees exercised ordinary care and diligence in such particulars.'

"Upon the mere fact of collision and resulting death, the statute is held to raise a presumption that defendant and its employees were negligent in each of the particulars alleged, and that every act or omission in plaintiff's specifications of negligence was the proximate cause of the death; and it makes defendant liable unless it showed due care in respect of every matter alleged against it. And, by authorizing the jury, in the absence of evidence, to find negligence in the operation of the engine and train, the court necessarily permitted the presumption to be considered and weighed as evidence against the testimony of defendant's wit-

this court considered the constitutionality of § 9955, Code of 1923, now § 173, Title

nesses tending affirmatively to prove such operation was not negligent in any respect.

"Appellee insists that § 2780 is valid, and argues that the presumption, being one established by statute, has the effect of evidence and that it is for the jury to decide whether the company's evidence is sufficient to overcome the presumption; that 'it should not as a matter of law be dissipated the instant any testimony is taken against it,' and that the issue is to be determined on a consideration of all the evidence including the presumption.

"Legislation declaring that proof of one fact or group of facts shall constitute *prima facie* evidence of an ultimate fact in issue is valid if there is a rational connection between what is proved and what is to be inferred. A *prima facie* presumption casts upon the person against whom it is applied the duty of going forward with his evidence on the particular point to which the presumption relates. A statute creating a presumption that is arbitrary or that operates to deny a fair opportunity to repel it violates the due process clause of the Fourteenth Amendment. Legislative fiat may not take the place of fact in the judicial determination of issues involving life, liberty or property. Manley v. Georgia, 279 U.S. 1, 49 S.Ct. 215, 73 L.Ed. 575, and cases cited.

"The mere fact of collision between a railway train and a vehicle at a highway grade crossing furnishes no basis for any inference as to whether the accident was caused by negligence of the railway company or of the traveler on the highway or of both or without fault of anyone. Reasoning does not lead from the occurrence back to its cause. And the presumption was used to support conflicting allegations of negligence. Plaintiff claimed that the engineer failed to keep a lookout ahead, that he did not stop the train after he saw the truck on the crossing, and that his eyesight was so bad that he could not see the truck in time to stop the train.

"Appellee relies principally upon Mobile, J. & K. C. R. R. v. Turnipseed, 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78, 32 L.R.A. (N.S.) 226, Ann.Cas.1912A, 463. That was an action in a court of Mississippi to recover damages for the death of a section foreman accidentally killed in that State. While engaged about his work he stood by the track to let a train pass;

48, Code 1940. As hereinafter noted, the trial court did not read § 173 to the jury. In affirming judgment for plaintiff, this court said:

" . . . Our statute simply means that, when injury is shown by a railroad, the plaintiff makes out a prima facie case, and that the burden is then shifted to the railroad to rebut or overcome said prima facie case by introducing evidence sufficient to dispute or overcome the said prima facie case of the plaintiff. This may be done by undisputed facts sufficient to rebut the prima facie case, and, when so done, would entitle the defendant to the affirmative charge. On the other hand, if the plaintiff makes out a prima facie case and in doing so does not acquit the defendant of negligence or does not also show sufficient evidence to take the negligence to the jury, and this was all, the plaintiff would be entitled to the general charge. The plaintiff made out a prima facie case by showing the injury to the dog by the defendant's train, and the evidence in establishing these facts did not negative negligence on the part of defendant's servants, and, the defendant failing to intro-

duce any evidence, the plaintiff was due the general charge. In other words, the defendant made no effort to rebut the prima facie case made by the plaintiff, and the plaintiff's evidence, in establishing the injury, did not acquit the defendant of negligence and overcome the statute placing the burden of proof on the defendant, as was done in the case of Louisville & N. R. R. v. Coxe, 218 Ala. 25, 117 So. 293." (222 Ala. at page 558, 133 So. at page 295.)

Among authorities which appear to us to support our holding are the following: Seaboard Air-Line Ry. Co. v. Fountain, 173 Ga. 593, 160 S.E. 789; Powell v. American Sumatra Tobacco Co., 154 Fla. 227, 17 So.2d 391; New Orleans & G. N. R. Co. v. Walden, 160 Miss. 102, 133 So. 241; St. Louis-San Francisco Ry. Co. v. Cole, 181 Ark. 780, 27 S.W.2d 992; Kirkdoffer v. St. Louis-San Francisco Railway Co., 327 Mo. 166, 37 S.W.2d 569; Vol. 3, McElroy, The Law of Evidence in Alabama 1962, pages 252, 253, Sec. 444.01; Thayer, A Preliminary Treatise on Evidence at the Common Law, Chapters VIII and IX, (1898).

a derailment occurred and a car fell upon him. A statute of the State provided: '. . . Proof of injury inflicted by the running of the locomotives or cars of such [railroad] company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury.' That provision was assailed as arbitrary and in violation of the due process clause of the Fourteenth Amendment. This court held it valid and said (page 43 of 219 U.S. [31 S.Ct. 138]). 'The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done, the inference is at an end, and the question of negligence is one for the jury upon all of the evidence. . . . The statute does not . . . fail in due process of law, because it creates a presumption of liability, since its operation is only to supply an inference of liability in the absence of other evidence contradicting such inference.' That case is es-

sentially different from this one. Each of the state enactments raises a presumption from the fact of injury caused by the running of locomotives or cars. The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence. Gulf, M. & N. R. Co. v. Brown, 138 Miss. 39, 66, 102 So. 855 et seq.; Columbus & G. Ry. Co. v. Fondren, 145 Miss. 679, 110 So. 365. That of Georgia as construed in this case creates an inference that is given effect of evidence to be weighed against opposing testimony and is to prevail unless such testimony is found by the jury to preponderate.

"The presumption raised by section 2780 is unreasonable and arbitrary and violates the due process clause of the Fourteenth Amendment. Manley v. Georgia, supra. McFarland v. American Sugar Co., 241 U.S. 79, 36 S.Ct. 498, 60 L.Ed. 899; Bailey v. Alabama, 219 U.S. 219, 31 S.Ct. 145, 55 L.Ed. 191." (279 U.S. at pages 641, 642, 643, 644, 49 S.Ct. at pages 446, 447, 448.)

■ We hold that the court erred in reading § 173 to the jury in the instant case and that it is error to read that statute to the jury in a case where the jury can reasonably find from the evidence that the railroad was not guilty of negligence which was a proximate cause of the injury complained of.

Plaintiff cites decisions of this court which have held § 173, Title 48, constitutional on its face. The leading case is Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 133 So. 294, where this court affirmed a judgment for plaintiff in an action for killing a squirrel dog as the proximate consequence of negligent operation of defendant's locomotive.

In *Green,* this court said that § 173 is unlike the Georgia statute which was held unconstitutional in Henderson, and is more nearly akin to the Mississippi statute [3] which was upheld in Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78, 32 L.R.A.,N.S., 226.

In Atlantic Coast Line R. Co. v. Smith, 262 Ala. 345, 78 So.2d 664, in reaffirming the *Green* case, this court directed attention to three Florida decisions.[4]

---

3. In New Orleans & G. N. R. Co. v. Walden, 160 Miss. 102, 133 So. 241, the Supreme Court of Mississippi considered the correctness of instructing the jury with respect to section 1580 of the Mississippi Code of 1930, which recited in part as follows:

"'In all actions against railroad corporations . . . using engines, locomotives, or cars . . . running on tracks, for damages done to persons or property, proof of injury inflicted by the running of engines, locomotives or cars of any such railroad corporations . . . shall be prima facie evidence of the want of reasonable skill and care of such railroad corporation . . . in reference to such injury.'" (133 So. at page 242)

The court reversed the judgment for the plaintiff because of error in giving to the jury the following instruction:

"'The court further charges the jury for the plaintiff that while proof of the injury by the running and operation of the train of defendant is prima facie evidence that the same was the result of negligence of the defendant, yet when you have heard all of the facts and circumstances, if you can determine from such facts and circumstances whose negligence and carelessness was the cause of the injury, then this presumption of carelessness must yield to the facts and you must decide the case upon the facts and not upon the presumption. However, if there is such a conflict of facts and theories between the testimony of the plaintiff and the testimony of the defendant as to prevent you from being able to determine how the injury was inflicted, then you must apply the inference of negligence against the railroad company and render a verdict for the plaintiff.'" (133 So. at pages 242, 243)

The Mississippi Court said:

". . . What we here hold, and all we do now hold, is that when, in an action for damages from an injury of the character described in the statute, the facts and circumstances of the injury are given in evidence by the plaintiff at any stage of the trial, whether it conflicts with similar evidence of the defendant or not, or are given in evidence by the defendant only, and which evidence the jury is without the right to reject, no instruction should be given to the jury on the statutory presumption." (133 So. at page 246)

4. (1) In Seaboard Air Line Ry. Co. v. Watson, 103 Fla. 477, 137 So. 719, the court considered a statute using the same language as the Georgia statute which was held unconstitutional in *Henderson.* In affirming judgment for plaintiff, the Florida court said:

"All that the statute does in this state in creating a presumption is thereby to cast upon the railroad company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence, and here the statutory presumption ends. (Citation omitted.)" (137 So. at page 723)

The defendant railroad's appeal to the Supreme Court of the United States was dismissed in Seaboard Air Line R. Co. v. Watson, 287 U.S. 86, 53 S.Ct. 32, 77 L. Ed. 180, 86 A.L.R. 174, where the court held that the statute did not violate the equal protection clause of the 14th Amendment, but as we understand the opinion, did not decide whether the Florida statute denied due process to defendant because "Appellant failed in the trial court to assail the statute on any ground upon which rests our decision in the Henderson Case."

In a later decision, where the evidence as to actionable negligence was conflicting, Loftin v. Skelton, 152 Fla. 437, 12 So.2d 175, and also in a case where it appears that the defendant's evidence made a case against itself, Powell v. American Sumatra Tobacco Co., 154 Fla. 227, 17 So.2d 391, the Supreme Court of Florida reversed because the trial judge charged the jury that there was a statutory presumption against the railroad company where the damage was shown to have been inflicted by operation of the train.

After the decision in *Henderson,* the Georgia legislature, in 1929, adopted the Mississippi statute *in totidem verbis.* In Seaboard Air-Line Ry. Co. v. Fountain, 173 Ga. 593, 160 S.E. 789, the trial court had charged the jury in substantially the same language as the new Georgia statute taken from Mississippi. The Supreme Court of Georgia considered the propriety of giving such a charge and held that under the construction placed on the statute by the Supreme Court of Mississippi and the Supreme Court of the United States, the charge was erroneous and that a new trial should be granted.

In the *Green* case, this court expressly stated that our statute is "more nearly akin" to the Mississippi statute, and reasoned that, because of this kinship, our § 173 did not violate the due process clause of the 14th Amendment.

In the *Smith* case, 262 Ala. 345, 78 So.2d 664, this court refers to Florida cases construing the statute of that state. The Florida court has expressly held it to be reversible error to charge the jury that the statutory presumption exists where the evidence is conflicting on the negligence of the railroad.

In the *Fountain* case, the Georgia court expressly holds that its statute forbids such instruction because the statute is taken from Mississippi and requires the construction placed on the statute by the Mississippi Court.

■ If our statute, § 173, is constitutional because it is like the Mississippi statute, then to be constitutional, § 173 must be construed like the Mississippi statute. Such construction, on reason and authority, forbids the trial court to instruct the jury that the burden of proof is on the railroad to acquit itself of negligence in a case where the evidence is conflicting on the issue whether defendant's employees were guilty of negligence which proximately caused plaintiff's injury.

■ Plaintiff contends, however, that giving such instruction was not error, and certainly not prejudicial error, because the evidence shows without conflict that defendant's agents in charge of the train were guilty of negligence as a matter of law because the undisputed evidence shows that the speed of the train was not less than 55 miles per hour at the place of collision, which speed was a violation of a city ordinance limiting the speed of trains to 30

(2) In Atlantic Coast Line R. Co. v. Voss, 136 Fla. 32, 186 So. 199, the court said: "The evidence . . . was in conflict . . . and while some evidence . . . may be construed as supporting negligence, other evidence may be construed as supporting due care and diligence." (186 So. at page 200) The trial court, employing the words of the Florida statute, had charged the jury that a railroad company was liable for damage done by running its trains unless the company made it appear that its agents had exercised reasonable care and diligence. The Supreme Court of Florida said further: "In this situation, it was prejudicial to charge the jury that the statute raised a presumption always that the injury was caused by defendant's negligence. Taken alone such a charge will be adjudged reversible error." (186 So. at page 200) Nevertheless, the court did not reverse but affirmed on condition that plaintiff agree to a remittitur of part of the amount of the verdict.

(3) In Loftin v. Crowley's, Inc., 150 Fla. 836, 8 So.2d 909, 142 A.L.R. 626, the court held that two Florida statutes did not violate the equal protection clause of the Constitution of the United States and Florida. One of the two statutes was the same statute held not to deny equal protection in Seaboard Air Line R. Co. v. Watson, supra.

miles per hour at that place. Plaintiff says that her intestate was a passenger in the automobile and not chargeable with contributory negligence, and, "In a case in which the defendant is guilty of negligence as a matter of law and in which there is no issue of contributory negligence, the plaintiff would be entitled to the affirmative charge on the negligence count."

For two reasons, we do not agree that reading § 173 was error without injury. First, it is not enough that defendant be guilty of negligence. The evidence must reasonably sustain the inference that defendant was guilty of negligence which was a proximate cause of plaintiff's injury. The test here is whether the excess speed of the train was a proximate contributing cause of the collision. Roberts v. Louisville & Nashville & N. R. Co., 237 Ala. 267, 186 So. 457. In the instant case, as in *Roberts*, supra, the evidence, we think, reasonably supports a finding that the proximate cause of the collision was the negligence of the driver of the automobile, not the speed of the train, and this finding would exonerate the railroad in so far as excess speed is concerned. We wish to emphasize that we do not think that the evidence compels the finding that the negligence of the driver of the car was the sole proximate cause of the collision as this court held in *Roberts*. Instead, we think the instant case is one which the trier of fact could reasonably regard as "a case of a locomotive dashing at high speed immediately in front of the automobile" referred to in *Roberts*. We are not to be understood as expressing any opinion as to which finding the jury ought to make. We are clear to the conclusion that plaintiff was not entitled to the affirmative charge on the negligence count, and that reading § 173 to the jury cannot be regarded as error without injury on the ground that plaintiff was entitled to such a charge.

The second reason why we think reading § 173 is not harmless error, where the undisputed evidence shows defendant guilty of negligence, was expressed in some measure

in Powell v. American Sumatra Tobacco Co., (Fla.), supra, where plaintiff claimed that the defendant railroad did go forward with the evidence and, in so doing, showed that the train crew was in fact negligent. The court said:

"The purpose of every trial is to ascertain the truth. The reason for statutes of this character is to burden the party of revealing the truth who is most nearly in position to know the facts. A train is a large and complex vehicle. Naturally its crew members are in better position to know what, if anything, is wrong when an accident occurs. For that reason the legislature saw fit to require in such cases that they go forward with the evidence and show that they had exercised all ordinary and reasonable care and diligence in operating the train. When the railroad goes forward with the evidence and makes the required showing the presumption vanishes regardless of whether they make a case against themselves, for in that event the purpose of the statute has been fulfilled; the facts have been elicited and plaintiff can fairly make his claim to the jury thereon." (17 So.2d at pages 391, 392)

The point is, as we see it, where the facts are shown, even in favor of the plaintiff, he is entitled to recover on the facts, not on the presumption, and it is prejudicial error to instruct the jury in such a case that the burden of proof is on the railroad and thereby place before the jury, against the defendant, the legislative fiat as well as the evidence itself.

Plaintiff says that Alabama decisions, either expressly or by implication, hold that it is proper for the trial court to instruct the jury regarding the effect of § 173. Plaintiff cites cases to support this statement. As we read the cited opinions, however, we do not understand that in any of them, the defendant raised the point, as is done here, that reading § 173 to the jury gives that statute a construction and effect which violates the due process clause of the

14th Amendment as construed in the *Henderson* case.[5]

Defendants assign for error the action of the court in reading to the jury § 172, Title 48. Plaintiff appears to concede that § 172 does not apply in this case but says reading the statute was not prejudicial. In this posture, we anticipate that § 172 will not be read on another trial.

Errors in admitting evidence, if they be errors, will probably not reoccur.

■ Defendants assign for error refusal of affirmative charge for defendants as to the wanton count. Rule 9 of this court requires that, if insufficiency of the evidence to sustain the verdict is assigned, appellant's brief shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue. Appellants have not complied with this rule and are not entitled to consideration of this error. Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246; Standard Oil Co. v. Johnson, 276 Ala. 578, 587, 588, 165 So.2d 361.

For error in reading § 173 to the jury, the judgement is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.

## ON REHEARING

COLEMAN, Justice.

In support of application for rehearing, plaintiff says that even if § 173, Title 48, is merely a procedural statute requiring the defendant railroad to produce evidence, nevertheless, we should "hold that it is not reversible error merely to read the statute but that defendant is entitled to an explanatory charge if it so desires."

Plaintiff invokes the rule that, generally, the giving of a charge containing a correct proposition of law, though the charge be misleading, is not reversible error, the remedy being for the opposite party to request an explanatory charge. United Insurance Co. of America v. Ray, 275 Ala.

---

5. *Henderson* was decided May 27, 1929. We will not discuss Alabama cases decided before that day.

We have already discussed Louisville & Nashville R. Co. v. Green, supra. The propriety of reading § 173 to the jury was not raised in that case.

In Armstrong v. Louisville & Nashville R. Co., 38 Ala.App. 577, 90 So.2d 100, the Court of Appeals held that plaintiff was entitled to affirmative charge with hypothesis, but the Supreme Court held to the contrary and reversed. 265 Ala. 113, 90 So.2d 103. Reading § 173 was not involved.

In Alabama Great Southern R. Co. v. Bishop, 259 Ala. 629, 68 So.2d 530, this court held that the defendant railroad was entitled to the affirmative charge and reversed judgment for plaintiff.

In Alabama Great Southern R. Co. v. Moundville Motor Co., 241 Ala. 633, 4 So.2d 305, this court held it not error to give for plaintiff a requested charge that evidence showing collision and damage at railroad crossing "made prima facie simple negligence case for plaintiff, and the burden then shifted to the defendant to prove an absence of negligence . . . ." The criticism of the

charge, however, was "directed to the omission of proximate cause."

In Louisville & Nashville R. Co. v. Bailey, 245 Ala. 178, 16 So.2d 167, the reporter's statement shows that the court charged orally that "it is up to the railroad company to exculpate itself or reasonably satisfy your minds . . . . of a compliance with those statutory requirements." We have not found, however, that this court considered the correctness of that statement in the charge, or that the rule of *Henderson* was in anywise involved in *Bailey*.

In Louisville & Nashville R. Co. v. Holmes, 32 Ala.App. 551, 27 So.2d 878, the Court of Appeals did quote from § 173, but it does not appear that the trial court read § 173 to the jury or otherwise placed the burden of proof on defendant.

In Atlantic Coast Line R. Co. v. Norred, 38 Ala.App. 291, 82 So.2d 309, the Court of Appeals stated the substance of § 173, but there is no indication that the trial court read § 173 to the jury.

In Atlantic Coast Line R. Co. v. Adams, 37 Ala.App. 538, 74 So.2d 524, also, the opinion does not indicate whether § 173 was read to the jury.

411, 416, 155 So.2d 514; Atlantic Coast Line R. Co. v. Ford, 287 U.S. 502, 507, 53 S.Ct. 249, 77 L.Ed. 457.

The question is thus presented: When the last clause of § 173 is read to the jury as an instruction, is the instruction an incorrect statement of the law or merely misleading? Stripped of nonessential words, the last clause recites:

" . . . . when any person . . . . is killed . . . . by the locomotive . . . . of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show . . . . that there was no negligence on the part of the company or its agents."

As we understand the opinions in the *Henderson* case, and other cases cited in the original opinion, when the evidence will reasonably support a finding that defendant railroad was not guilty of actionable negligence, then the defendant railroad is denied due process of law when the jury is instructed that the burden of proof is on the defendant railroad to show that it was not guilty of negligence. We are of opinion that reading the last clause of § 173 to the jury does that which the rule of *Henderson* forbids, to wit, tells the jury that the burden of proof is on the defendant railroad to acquit itself of negligence. In so doing, the last clause of § 173, as we understand it, is an incorrect statement of the law because the law is that the burden of proof is not on the defendant railroad to acquit itself of negligence, the burden on the railroad, after plaintiff makes out a prima facie case, being merely "to rebut or overcome said prima facie case by introducing evidence sufficient to dispute or overcome the said prima facie case of the plaintiff." Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 558, 133 So. 294, 295. Since the last clause of § 173 is not merely a misleading instruction but is an incorrect statement of the law in a case where defendant has supported the statutory burden of rebutting plaintiff's prima facie case, an ex-

planatory charge would not eliminate the error. See Louisville & Nashville R. Co. v. Cuevas, 162 Miss. 521, 139 So. 397.

The South Carolina statute considered in Atlantic Coast Line R. Co. v. Ford, supra, substantially differs from our § 173. South Carolina's Section 4925 provided that "If a person is injured . . . . by collision with the engines . . . . of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required . . . . and *that such neglect contributed to the injury,* the corporation shall be liable for all damages caused by the collision . . . . unless it is shown that . . . . the person injured . . . . was . . . . guilty of gross or wilful negligence, or was acting in violation of the law, and that such . . . . negligence or unlawful act contributed to the injury."

The statute had been construed by the South Carolina court to effect that, on proof of injury at a crossing and *"neglect* to give the prescribed signals," and that "the failure to give the signals *contributed* to the said injuries as a *proximate cause* thereof," then the failure to give the signals raises a prima facie presumption that such failure, contributing to the injury, was the proximate cause thereof. Ford v. Atlantic Coast Line R. Co., 169 S.C. 41, 103, 104, 168 S.E. 143.

In holding the proximate cause presumption permissible, the United States Supreme Court said:

" . . . . But the rational connection between the fact proved and the fact inferred is plain enough when the proposition is put conversely, namely, that proof of failure on the part of the railroad to give the statutory signals raises a presumption that such failure is the proximate cause of the injury.

"It follows that the statutory presumption as construed by the court below is free from constitutional infirmity under the due process clause." (287 U. S., at pages 508 and 509, 53 S.Ct., at page 251.)

The presumption of proximate cause in *Ford* is substantially different from the presumption created by the last clause of our § 173, which is, that on proof of plaintiff's injury, the negligence of defendant railroad is presumed so that defendant has the burden of proof to show that it was not guilty. We are not persuaded that *Ford* requires us to change our original opinion.

Plaintiff cites St. Louis-San Francisco Ry. Co. v. Norwood, 222 Ala. 464, 133 So. 27, where this court affirmed a judgment for plaintiff in an action for personal injury caused by collision with defendant's train at a crossing. In *Norwood*, this court held that the court did not err in giving plaintiff's requested charges which recited as follows:

" 'I charge you that the burden of proof, so far as the railroad company defendants be concerned, is on the railroad company to show to the reasonable satisfaction of the jury from the evidence that there was no negligence on the part of the company or its agents acting within the line and scope of their employment as such which proximately contributed to the Plaintiff's injuries and damages, if the jury be reasonably satisfied from the evidence that the Plaintiff did receive injuries and damages as claimed in Count B of the complaint as amended.'

" 'I charge you that, the burden of proof, so far as the railroad company, defendant, is concerned in this case, is on the Defendant railroad company to show to the reasonable satisfaction of the jury from the evidence that there was no negligence on the part of the railroad company defendant, or its agents or one of its agents in charge of the train which came in contact with the automobile in which Plaintiff was riding, which proximately contributed to Plaintiff's injuries.' " (222 Ala. at page 465, 133 So. at pages 27–28)

This court said that the quoted charges were given without error and cited Section 9955, Code 1923; now § 173, Title 48, Code 1940.

We have no copy of appellant's brief in *Norwood* and do not know precisely what was the objection raised against the quoted charges. The reporter did set out a short abstract of appellant's brief at 222 Ala. 465, 133 So. 27. The abstract contains four sentences, each followed by citations.

The first sentence appears to be in support of the fourth assignment which is that the court erred in giving to the jury a charge in which the words, "slightest degree of negligence," appear. The second paragraph of the opinion supports the conclusion.

The second sentence appears to support the first assignment of error which is that the court erred in a part of the oral charge in which the words, "any negligence," were used.

The third sentence supports either the first or seventeenth assignment, or both. It does not appear to relate to the second or third assignment.

The fourth sentence does appear to be in support of the second and third assignments. It recites that the burden of proof that a railroad defendant, in a crossing case, was guilty of subsequent negligence rests on the plaintiff, citing Alabama Great Southern Ry. Co. v. Smith, 196 Ala. 77, 71 So. 455, in which plaintiff's intestate, in circumstances under which he must have known the train was approaching, ran or walked upon the track at the crossing and was killed. The engineer had testified that he saw intestate when the engine was 800 feet from the crossing. On the issue of subsequent negligence on the part of the engineer, this court said: "On this issue the burden of proof was on the plaintiff." Referring to intestate's action in going on the track, this court said: "He was in no better case than a trespasser whose presence and peril have been discovered, and the statute no more applied to·him than it does to a trespasser."

In *Norwood,* in the fifth paragraph of the opinion, this court said there was no specific charge in the complaint that defendant's agents were guilty of negligence after discovery of plaintiff's peril, that the trial court could not be put in error for failure to instruct the jury as to subsequent negligence, and that defendant should have called the court's attention to it by special instruction. The best conclusion we can make is that, in *Norwood,* defendant was saying that the two charges, made the subject of the second and third assignments, were erroneously given because the charges failed to state that the burden of proof was on plaintiff to prove subsequent negligence of defendant and that the statute, now § 173, did not apply to negligence by defendant after discovery of plaintiff's position of peril. This court held that the objection raised by defendant against the two charges did not show that giving the two charges was error.

We think it is clear that the objection raised, in the instant case, against reading the last clause of § 173 to the jury, was not considered in the *Norwood* case. Since the question considered in the instant case was not considered in the *Norwood* case, that case is neither authority on, nor decisive of, the question presented in the instant case.

Plaintiff says in supplemental brief that one important contention of plaintiff is that the members of this court "take actual knowledge that . . . . the circuit judges of this State have from time immemorial read this statute (§ 173) to the jury, and that the effect of this opinion would be essentially the same as if the statute had been held unconstitutional. Theory is one thing and actuality is another. The statute is worthless if the defendant can call one captive witness and have him say that the crew of the train was free from negligent conduct." (Par. Added)

 We do not agree. While the trial court cannot correctly read the statute to the jury in a case where plaintiff has made

out a prima facie case and defendant has discharged its statutory duty "to rebut or overcome said prima facie case by introducing evidence sufficient to dispute or overcome the said prima facie case of the plaintiff," the burden will still remain on defendant to introduce evidence sufficient to dispute or overcome plaintiff's prima facie case. If "the plaintiff makes out a prima facie case and in doing so does not acquit the defendant of negligence or does not also show sufficient evidence to take the negligence to the jury, and this was all, the plaintiff would be entitled to the general charge." Louisville & Nashville R. Co. v. Green, supra.

As stated in the original opinion in the instant case, the trial court, in *Green,* did not read the predecessor of § 173 to the jury. We do not think the court should have read the last clause of § 173 to the jury in the case at bar.

In original brief filed by plaintiff on rehearing, with respect to our holding in original opinion in the instant case, we understand that plaintiff concedes that the cases cited in our original opinion support our holding, but plaintiff says "there is sound authority to the contrary," citing 20 Am. Jur., Evidence, § 133, page 137, notes 3 and 4. One case only is cited in note 3, namely, Jefferson Standard Life Ins. Co. v. Clemmer, 4 Cir., 79 F.2d 724, 103 A.L.R. 171, wherein the court considered the nature of the presumption against suicide and held for the defendant "that it was error to refuse the prayer for a directed verdict, for the undisputed evidence tending to show suicide was clear and convincing, and left no other reasonable explanation of Clemmer's (insured's) death." (Par. Added) Note 4 recites merely: "Ibid."

 The presumption against suicide is based on human experience and the abnormality of self-destruction. The fact presumed does follow as a reasonable and probable inference from proof of death by violence. The presumption of negligence of a defendant railroad arising under § 173,

upon proof of injury in a collision, does not follow as a reasonable and probable inference from the mere proof of such an injury, but is a presumption based on the necessities of the case and the ability to produce evidence. Whatever the nature of these presumptions may be, we do not think *Clemmer* is authority contrary to our holding in the instant case.

We recognize that this decision is important, not only to the parties in this case but also as precedent in other cases. Counsel for plaintiff has diligently and earnestly presented argument in support of her contentions. After full and meticulous consideration of the argument and the authorities cited, we are of opinion that the original decision should stand.

Opinion extended.

Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.