253 So.2d 788

**LOUISVILLE & NASHVILLE RAILROAD CO., a Corporation**

v.

**Kenneth R. McRAE.**

**7 Div. 21.**

Court of Civil Appeals of Alabama.

Oct. 20, 1971.

Lange, Simpson, Robinson & Somerville and Lyman H. Harris, Birmingham, Wallace & Ellis, Columbiana, for appellant.

Head & Head, Columbiana, for appellee.

THAGARD, Presiding Judge.

The Railroad appeals from a judgment entered in favor of appellee McRae pursuant to a jury verdict rendered for the alleged negligent killing by the Railroad of five head of Holstein cattle, the property of McRae.

McRae met the burden of proving by circumstantial evidence that the Railroad killed the cattle; and by direct testimony of their value and that they were his property. The Railroad, in an effort to acquit itself of negligence, then presented testimony: (1) That the freight train that injured or killed the cattle was travelling at 30 miles per hour in a 35 miles per hour speed zone, (2) That the engineer was on the lookout and saw the cattle on or near the track as soon as he had rounded a curve and the lights of the locomotive had picked them up, (3) That the lights, brakes and other equipment of the locomotive and train were in good repair and good working order, (4) That upon seeing the cattle on or near the track the engineer blew his whistle, started ringing his bell, and immediately applied his brakes, (5) That as soon as the speed of the train was reduced to 20 miles per hour he applied his emergency brakes, but that the train had probably hit at least one of the cattle before it had come to a stop, (6) That to have applied the emergency brake while the train was travelling 30 miles per hour would probably have wrecked the train and endangered the lives of some of the crew, and (7) That the engineer did everything that an engineer of ordinary care and prudence would have done under the same or similar circumstances.

The testimony showed that the cattle were killed by a train that was travelling in a westerly direction toward Calera from Shelby, but there was a sharp conflict in the evidence as to the exact place where the cattle were killed. The plaintiff testified that he found the carcasses of the cattle on or near the track at a point on the east or Shelby side of a large trestle, whereas the engineer testified that the live cattle that he saw were on the west or Calera side of the large trestle, some half a mile or more west of the place where the plaintiff testified that he found the carcasses.

Appellant's assignments of error six and seven were addressed to the refusal of the court to give the affirmative charge with hypothesis for the defendant, as requested. The conflict in the evidence referred to in the next preceding paragraph as to where the cattle were killed made a question for the jury as to whether appellant's engineer saw appellee's cattle before striking them. For that reason alone the affirmative charge for the Railroad

was not in order, although this is not to say that the affirmative charge with hypothesis should have been given had the conflict hereinabove mentioned not existed.

■ Title 48, Section 173, of the 1940 Code of Alabama provides as follows:

"§ 173. A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents."

One would think that if a statute is constitutional and relevant it would not be error to read it to the jury or to charge the substance of it to the jury. Nevertheless, our Supreme Court in the recent case of Alabama Great Southern Railroad Co. v. Morrison, 281 Ala. 310, 202 So.2d 155, the soundness of which we in nowise challenge, held that the trial court committed reversible error by reading Title 48, Section 173, supra, to the jury. In the *Morrison* case, supra, after quoting from a former holding of the Supreme Court that our statute is "more nearly akin" to the Mississippi statute than the Georgia statute (the latter declared unconstitutional by the U. S. Supreme Court in Western & Atlantic R. Co. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 73 L.Ed. 884, decided in 1929), Justice Coleman said, inter alia:

"If our statute, § 173, is constitutional because it is like the Mississippi statute, then to be constitutional, § 173 must be construed like the Mississippi statute. Such construction, on reason and authority, forbids the trial court to instruct the jury that the burden of proof is on the railroad to acquit itself of negligence in a case where the evidence is conflicting on the issue whether defendant's employees were guilty of negligence which proximately caused plaintiff's injury."

Other quotes from Justice Coleman's well reasoned and exhaustively researched opinion that will be helpful to this opinion follow:

"The point is, as we see it, where the facts are shown, even in favor of the plaintiff, he is entitled to recover on the facts, not on the presumption, and it is prejudicial error to instruct the jury in such a case that the burden of proof is on the railroad and thereby place before the jury, against the defendant, the legislative fiat as well as the evidence itself.

"Plaintiff says that Alabama decisions, either expressly or by implication, hold that it is proper for the trial court to instruct the jury regarding the effect of § 173. Plaintiff cites cases to support this statement. As we read the cited opinions, however, we do not understand that in any of them, the defendant raised the point, as is done here, that reading § 173 to the jury gives that statute a construction and effect which violates the due process clause of the 14th Amendment as construed in the *Henderson* case.

\* \* \* \* \* \*

"As we understand the opinions in the *Henderson* case, and other cases cited in the original opinion, when the evidence will reasonably support a finding that defendant railroad was not guilty of actionable negligence, then the defendant railroad is denied due process of law when the jury is instructed that the burden of proof is on the defendant railroad to show that it was not guilty of negligence. We are of opinion that reading the last clause of § 173 to the jury does that which the rule of *Henderson* forbids, to wit, tells the jury that the burden of proof is on the defendant railroad to acquit itself of negligence. In so doing,

the last clause of § 173, as we understand it, is an incorrect statement of the law because the law is that the burden of proof is not on the defendant railroad to acquit itself of negligence, the burden on the railroad, after plaintiff makes out a prima facie case, being merely 'to rebut or overcome said prima facie case by introducing evidence sufficient to dispute or overcome the said prima facie case of the plaintiff." Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 558, 133 So. 294, 295. Since the last clause of § 173 is not merely a misleading instruction but is an incorrect statement of the law in a case where defendant has supported the statutory burden of rebutting plaintiff's prima facie case, an explanatory charge would not eliminate the error. See Louisville & Nashville R. Co. v. Cuevas, 162 Miss. 521, 139 So. 397."

We hold that the principles expounded in *Morrison,* supra, are dispositive of this case and that the judgment of the trial court must be reversed.

Appellee contends that the court gave several requested charges for appellant that should have explained away the error, if any, in reading Section 173 to the jury. But in the *Morrison case,* supra, the Supreme Court said:

"Since the last clause of § 173 is not merely a misleading instruction but is an incorrect statement of the law in a case where defendant has supported the statutory burden of rebutting plaintiff's prima facie case, an explanatory charge would not eliminate the error. See Louisville & Nashville R. Co. v. Cuevas, 162 Miss. 521, 139 So. 397."

Reversed and remanded.