293 So.2d 301

**CITY OF BIRMINGHAM**

v.

**Edward J. KELLY.**

**Civ. 243.**

Court of Civil Appeals of Alabama.

Jan. 30, 1974.

Rehearing Denied Feb. 27, 1974.

Herbert Jenkins, Jr., Asst. City Atty., Birmingham, for appellant, City of Birmingham.

Rives, Peterson, Pettus, Conway & Burge and Edgar M. Elliott, III, Birmingham, for appellee.

**WRIGHT, Presiding Judge.**

This is an appeal from a judgment granting a motion for a new trial.

The trial below involved the consolidation of two cases. One Hopkins filed suit against Kelly. The City of Birmingham filed suit against Kelly. The suit of Hopkins arose from the collision of the automobile which he was driving, with the automobile driven by Kelly at an intersection of streets in the City of Birmingham. Hopkins was a police officer of the city, traveling in his official capacity. The evidence tended to show that with siren on and emergency lights flashing Hopkins approached an intersection controlled by traffic lights at a speed between 40 and 50 miles per hour. One-half block from the intersection the traffic light turned red against Hopkins. He was traveling in the left turn lane for traffic moving in the direction he was traveling. Hopkins did not slow his speed until within 20 feet of the intersection. He was traveling 40 miles per hour at the moment of impact. Defendant Kelly, prior to the collision, was stopped in the intersecting street to Hopkins' right waiting for the light to change. The light for Kelly turned to green as the light toward which Hopkins was traveling turned to red. After some delay, Kelly entered the intersection and the vehicles collided. Other drivers waiting at the intersection for the light to change saw and heard the police car and did not enter when the light changed. Defendant stated he neither heard the siren nor saw the flashing lights.

As a result of the collision, the police car was damaged and Hopkins was injured. He was off from work 52 days but received his salary from the city. The city also paid some of his medical bills. Hopkins sued for his injury in two counts, one for negligence, another for wanton conduct.

The City of Birmingham also sued Kelly for damages to its automobile, wages paid Hopkins while injured and the amount paid for medical expenses. Such right of action by the city is given by Act No. 518 of the 1969 Regular Session of the Legislature. The action of the city was founded upon negligence.

The two suits were consolidated for trial and were tried before a jury. Verdicts and judgments thereon were returned and

entered for plaintiff city in the amount sued for of $2,067.56 and for plaintiff Hopkins for the sum of $2,000.00. · ·

Motion for new trial was filed by defendant Kelly in the case in which City of Birmingham was plaintiff. The motion contained only one ground charging error in the giving of the following oral charge:

"Now, the City's case is what we might call a derivative action. Their case either stands or falls on the case of Mr. Hopkins. If Mr. Hopkins is entitled to recovery, then the city would be entitled to recover for the damage to its vehicle, and for any money that it paid to plaintiff, Mr. Hopkins, in the way of salary or fringe benefits on medical expenses."

Upon consideration of the motion the trial judge granted defendant a new trial. City of Birmingham duly appealed.

■ Appellant has in brief and oral argument presented several propositions of law as to why the trial court should not have granted the new trial. It is first stated that the verdict of the jury should not be disturbed when it is supported by the evidence and does not appear to be wrong or unjust. The cases cited for this proposition involved consideration of a motion for new trial upon the ground that the verdict was contrary to the evidence. Such a ground is not before us in this case and the proposition is not applicable to the issue of whether the jury considered the evidence in the light of an erroneous and prejudicial charge.

■ It is next contended that the motion for new trial should not have been granted because, though due objection was taken to the offending charge, no ground for such objection was given either at the time of objection or in the motion for new trial.

At the time of the trial and of the granting of the motion for new trial, it was the established case law of this state that no ground for excepting to the court's oral charge need be stated at the time of exception. Maring Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484; Ala. Great Southern R.R. Co. v. Morrison, 281 Ala. 310, 202 So.2d 155. Though the law in such respect has now been changed by Rule 51, Alabama Rules of Civil Procedure, such rule was not effective until July 3, 1973. The distinguished trial judge in this case was one of the authors of the new Rules.

■ A motion for a new trial on the ground of an erroneous charge need only set out the portion of the charge alleged erroneous. The reason for it being erroneous need not be contained in the ground. Such is the subject for argument upon hearing of the motion.

■ Appellant further contends the charge was not erroneous but could only be misleading or abstract, and therefore may not be cause for reversal when subject to an explanatory charge. We cannot accept this contention. Appellant further contends that in view of the complete oral charge, the portion excepted to, though erroneous, was not prejudicial but was harmless and subject to application of Rule 45, Supreme Court Rules. We are unable to agree with this contention.

The two cases, consolidated and tried together, arose from the same incident. However, Hopkins stated his cause of action against the defendant in two counts, one for negligence and the other for wanton conduct. The City of Birmingham stated its cause of action against defendant in two counts, but only for negligence. Defendant was entitled to the defense of contributory negligence against the city and as to count one of Hopkins. There was no defense of contributory negligence as to the charge of wantonness in count two of Hopkins' suit. The charge as given by the court permitted the city to recover

even if Kelly were found guilty of wanton conduct. It, in fact, directed a verdict for the city, even if Kelly were found guilty of wanton conduct when the city had sued only for negligence. It permitted recovery by the city even though Hopkins were determined to be guilty of contributory negligence.

The verdict was general. It does not disclose whether Kelly was determined by the jury to be guilty of negligence or wantonness. Our examination of the evidence convinces us there was at least a scintilla from which there could have been a verdict for wantonness. There was also ample evidence to have supported a plea of contributory negligence. The jury could have determined Hopkins to be guilty of contributory negligence, but under the direction of the charge, returned its verdict for the city.

Appellant argues that the jury could not have found Kelly guilty of wantonness for the verdict for the city did not include any award for punitive damages. This argument does not stand examination, for the city recovered exactly the amount sued for. It could not have recovered more regardless of the finding of culpability.

The Supreme Court of Alabama recently considered a similar oral charge in the case of Riddle v. Franklin, 291 Ala. 671, 286 So.2d 841. However, it did not reach the same conclusion we reach here, for the court had charged out the wanton count in the suit from which the second suit was derived.

We must affirm the action of the trial court in granting the motion for a new trial for the judge clearly was of the opinion that his oral charge could have prejudiced the defendant. We agree.

Affirmed.

BRADLEY and HOLMES, JJ., concur.