330 So.2d 614

**ILLINOIS CENTRAL GULF RAILROAD CO., a corp., etc.**

v.

**Lillian Faye RICHARDSON, as Administratrix, etc.**

**SC 1364.**

Supreme Court of Alabama.

April 9, 1976.

Sam W. Pipes, and Wesley Pipes, Mobile, for appellant.

Joseph M. Matranga, Mobile, for appellee.

FAULKNER, Justice.

The Railroad appeals from a jury verdict, judgment, denial of motion for judgment n. o. v., or in the alternative for a new trial, in a wrongful death action, assessing damages against it for $264,000. We reverse, and grant a new trial.

We address ourselves only to Assignment of Error No. 36. During his oral charge to the jury, the trial judge said:

"If someone is injured as a proximate result of the failure of the engineer to do the thing which the court has mentioned, or someone is injured by reason of any negligence on the part of the railroad employees, that is, the failure to do what an ordinarily prudent person would have done under the same or similar circumstances, then, the railroad company would be liable for damages, and when suit is brought for injuring someone, or for damages done to property at a public crossing, the burden of proof is upon the railroad company to show that it complied with the requirements of the law. And, that there was no negligence on the part of the railroad, or its employees."

The Railroad objected upon the following ground:

"The court read to the jury Title 48, § 173, charge does not state that negli-

gence on the part of the railroad would have to proximately contribute to the injuries or damages resulting in the death of the plaintiff."

The trial judge did not read from Title 48, § 173, Code of Alabama, and said so. He said, "The court would state for the record that it did not read from the Code of Alabama."

Nevertheless, we are of the opinion that charging a jury that ". . . the burden of proof is upon the railroad company to show that it complied with the requirements of the law. And, that there was no negligence on the part of the railroad, or its employees." is reversible error. See *Alabama Great Southern Railroad Co. v. Morrison*, 281 Ala. 310, 202 So.2d 155 (1967).

▬▬ *Morrison* dealt specifically with a trial judge's reading § 173, Title 48, to the jury. We do not have that specific issue before us, yet the language of the charge is very similar. In our opinion the judge told the jury the burden was on the Railroad to acquit itself of negligence. The burden on the Railroad, after a prima facie case has been made out, is to rebut or overcome the prima facie case with its evidence. *Louisville & Nashville R. Co. v. Green*, 222 Ala. 557, 133 So. 294 (1931). In reviewing the evidence, we are of the opinion the Railroad rebutted the prima facie case. Consequently, the latter part of the charge was an incorrect statement of the law, and an explanatory charge would not eliminate the error. *Morrison*, on rehearing.

We pretermit discussing the evidence (except to say it was conflicting) because of the possibility of another trial.

REVERSED AND REMANDED.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.