**Shawn Lanette Bernath RADFORD, Plaintiff-Appellant,**

**v.**

**SEABOARD SYSTEM RAILROAD, INC., Defendant-Appellee.**

No. 86–7824.

United States Court of Appeals, Eleventh Circuit.

Oct. 6, 1987.

Balch & Bingham, Sterling G. Culpepper, Jr., Edward B. Parker, II, Montgomery, Ala., for plaintiff-appellant.

Steiner, Crum & Baker, Walter R. Byars, William A. Shashy, Montgomery, Ala., for defendant-appellee.

Before RONEY, Chief Judge, ANDERSON and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

Plaintiff in this case appeals from the grant of a directed verdict and a jury verdict in favor of defendant. We find no error and affirm.

Shawn Lanette Bernath Radford worked on the evening shift at an industrial plant in Montgomery, Alabama. The employees on that shift took their lunch break from 9:00 p.m. to 9:30 p.m. each evening. Most of them left the plant to get something to eat, driving down East Gunter Park Drive and across railroad tracks owned or maintained by Seaboard System Railroad, Inc. ("Seaboard"). On October 2, 1984, Radford was a passenger in a car driven by David Collier on East Gunter Park Drive. There was a Seaboard train in the crossing, but Collier did not see it and collided with the train. Radford suffered injuries and sued Seaboard in federal court, invoking diversity jurisdiction.

During the trial in the United States District Court for the Middle District of Alabama, the judge granted a directed verdict for Seaboard on Radford's claim that the defendants had acted wantonly. The district court also granted Seaboard's motion in limine to exclude evidence of subsequent remedial measures and excluded from evidence a photograph of the scene on the grounds that it was overly prejudicial. The judge instructed the jury that the signs located at the crossing met, as a matter of law, the Alabama statutory requirements and that Radford had the burden of proving Seaboard's non-compliance with the Alabama statute requiring train engineers to blow a horn or whistle or ring a bell when in a road crossing. The jury returned a verdict in favor of Seaboard. Radford appealed to this court, alleging that the above decisions by the district court judge were erroneous.

Radford's first argument is that the district court judge erred by directing a verdict for defendant on the issue of whether Seaboard acted wantonly. Radford points to evidence that the crossing was heavily used, that the crossing was difficult to see, that Seaboard had been forewarned of the danger, and that witnesses to the accident did not see the Seaboard train crew use any warning devices.

■ Under Alabama law, wantonness involves a consciousness of a duty to act and the knowledge of existing conditions. *Stallworth v. Illinois Cent. Gulf R.R.*, 690 F.2d 858, 863 (11th Cir.1982); *Burns v. Moore*, 494 So.2d 4 (Ala.1986). Knowledge by the railroad management is not sufficient; the plaintiff must show knowledge and wanton actions by the crew charged with the operation of the train. *Terminal Transport Co. v. Central of Georgia Ry.*, 272 Ala. 495, 133 So.2d 29 (1961); *Dourough v. Alabama Great Southern R. Co.*, 221 Ala. 305, 128 So. 602 (1930); *Southern Ry. Co. v. Randle*, 221 Ala. 435, 128 So. 894 (1930). Thus, the relevant question is whether the crew operating the Seaboard train on the night that Radford was injured knew of any dangerous conditions, such as, the high traffic and low visibility at the crossing, and whether the crew failed to use warning devices such as flares in light of those conditions.

The only evidence to that effect presented at trial was the testimony of one man who claimed to have notified Seaboard previously that crew members were not using warning devices at the crossing. This evidence does not demonstrate that Seaboard knew that the crossing was dangerous and that failure to use warning devices could result in an accident. Furthermore, there is no evidence in the record that Seaboard, if it knew those facts, communicated them to the crew operating the train on the night in question.

What evidence there is in this case is indistinguishable from that in *Stallworth*, 690 F.2d 858, where this court affirmed a district court's grant of directed verdict on the issue of wantonness. In light of *Stallworth*, the evidence in this trial of wantonness was insufficient, as a matter of law, to warrant submission of the issue to the jury; therefore, the district court committed no error in granting a verdict for defendants.

Radford next challenges a portion of the jury instructions. The district court judge originally charged the jury that Seaboard had the burden of proving compliance with Ala.Code sec. 37–2–81 (1975 & Supp.1986), which requires a train engineer to blow his horn or whistle or to ring a bell while a train is at a crossing. The judge subsequently called the jury back into the courtroom and instructed them that Radford had the burden of proving non-compliance. Radford claims that this was an erroneous instruction. We disagree.

■ Although Ala.Code sec. 37–2–83 (1975) states that the defendant railroad has the burden of proving compliance with relevant statutes and proving that it was not negligent, the Alabama courts have not interpreted the statute literally. *See, e.g., Daughtry v. Western Railway of Alabama*, 341 So.2d 702 (Ala.1977) (not error to instruct jury that plaintiff has burden of proof); *Louisville & Nashville Railroad Co. v. McRae*, 253 So.2d 788 (Ala.Civ.App. 1971) (error to instruct jury that burden of proof was on railroad). The only burden on the railroad is to rebut the plaintiff's prima facie case with evidence of due care. *Illinois Central Gulf R.R. Co. v. Richardson*, 295 Ala. 388, 330 So.2d 614 (1976). That burden is a burden of producing evidence, as opposed to the burden of proof; the burden of proof or, put differently, the burden of persuasion remains with the plaintiff.

Radford's third ground of error is the district court's instruction that the signs that Seaboard had erected at the crossing were, as a matter of law, adequate to satisfy Ala.Code sec. 37–2–80 (1975). That statute requires railroads to erect at every crossing "a sign, with large and distinct letters placed thereon." Radford argues that the question of whether the signs in this case were adequate is a question for the jury.

The case that Radford relies upon, *Louisville & Nashville Railroad Co. v. Williams*, 370 F.2d 839 (5th Cir.1966), does not support this position. That case says only that the judge should have allowed the jury to consider whether more warnings were necessary than the normal signs. That holding does not address the issue of whether compliance with section 37–2–80 is a question for the jury.

The Alabama courts have apparently not considered this issue. In the only relevant published case discussing this statute, *Watson v. Birmingham Southern R. Co.*, 259 Ala. 364, 66 So.2d 903 (1953), the appellant argued that the trial court erred by excluding evidence of the prevailing type of signs used at railroad crossings. In affirming the trial court, the Alabama Supreme Court stated that the fact that the crossing had two signs at the time of the accident was sufficient to satisfy the railroad's obligation under the statute and held that evidence of other types of signs was therefore irrelevant. *Id.* at 906.

■ Although *Watson* is not directly controlling, it does indicate that the Alabama Supreme Court was willing to decide, as a matter of law, that the existing signs were sufficient under the statute. The stipulations in this case demonstrate that Seaboard had erected at the crossing a sign with large and distinct letters. The district court, therefore, did not err in instructing the jury that Seaboard had complied with the statute.

■ Radford's next argument involves the district court's grant of Seaboard's motion in limine to exclude evidence of subsequent warning measures at the crossing. Rule 407 of the Federal Rules of Evidence prohibits the introduction of subsequent remedial measures to prove negligence, but allows it when offered for another purpose. Radford argues that the evidence was admissible for several other purposes; still,

she never shows that any of the Rule 407 exceptions were in issue. Nor does the record show that Radford ever actually attempted to introduce the evidence for those purposes. *Cf., Collins v. Wayne Corp.,* 621 F.2d 777, 784 (5th Cir.1980). In the absence of such showing, we cannot say that the district court abused its discretion in excluding the evidence.

█ Finally, Radford contests the exclusion of a photograph, taken shortly after the accident, of the accident scene. Radford argues that the photograph, which shows medical personnel assisting Radford and the car's driver, was the only demonstrative evidence of such facts as the condition of the crossing and the relative position of the car and the train. The record, however, contains ample testimony from witnesses of these facts; so, the probative value of the photograph was low. When viewed in light of our limited standard of review, we cannot say that the district court abused its discretion by excluding the photograph.

For all of the above reasons, the judgment of the district court is AFFIRMED.